IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JUDITH A. EVANS, et al.** | * | |
| Plaintiffs | * | |
| v. | * | |
| **NEIL PADGETT, M.D., ET AL.** | * | Civil Action No.: MJG-02-CV-788 |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION OF DEFENDANTS CARDIOVASCULAR CONSULTANTS, P.A.
AND DR. JAMES RONAN FOR DISMISSAL OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT**

COME NOW defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D., by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, and move for dismissal of this action or in the alternative entry of summary judgment in their favor and as reasons therefor state as follows:

1.   Under Maryland law, a plaintiff in a medical malpractice action must file a Certificate of Qualified Expert ("Certificate") within 90 days of their initial complaint.  The Certificate must attest to departures from the standard of care and that the departure is the proximate cause of the alleged injury.

2.   As will be more fully set forth herein, and in the accompanying memorandum of points and authorities, the plaintiffs did not comply with the procedural requirements set forth in the Health Care Malpractice Claims Act, Md. Code Ann., Cts & Jud. Proc. §§ 3-2A-01 *et seq*. (the

171260.1

"Act"), and therefore their claims against defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D. must be dismissed due to a failure to arbitrate.

3.   Plaintiffs initially filed a Statement of Claim again certain co-defendants on March 14, 2002 in the Health Claims Arbitration Office with a Claimant's Certificate of Merit signed by Dan Fintel, M.D. certifying "that there was a departure from the standards of care to Robert Evans…."

4.   Plaintiffs filed a Second Amended Statement of Claim in the Health Claims Arbitration Office on September 3, 2002, enclosing the **identical** Claimant's Certificate of Merit. Dr. Fintel's Certificate is stamped with the original March 14, 2002 received date and the September 3, 2002 received date. There is no indication that Dr. Fintel had reviewed any additional materials or had any opinion that newly added defendants James Ronan, M.D. or Cardiovascular Consultants, P.A. departed from the standards of care or proximately caused injuries or damages.

5.   It is clear therefore that Dr. Fintel did not hold or express any opinions with regard to whether Dr. Ronan or Cardiovascular Consultants, P.A. breached the standard of care until his deposition on September 29, 2003 where he testified that they *may have* breached the standard of care.

6.   Dr. Fintel's complete failure to properly execute and file a Certificate of Qualified Expert specifically alleging a breach by Dr. Ronan and Cardiovascular Consultants. P.A. renders the Certificate of Qualified Expert filed by plaintiffs null and void as to Dr. Ronan and Cardiovascular Consultants, P.A.

7. Plaintiffs were required to file a properly executed Certificate of Qualified Expert within 90 days of September 3, 2002, which was not done, and to date, plaintiffs have not filed another Certificate of Qualified Expert. The deadline for doing so passed over a year ago.

8. Maryland law dictates that due to plaintiffs' failure to file a valid Certificate, the Complaint against defendants Dr. Ronan and Cardiovascular Consultants, P.A. must be dismissed. To permit the plaintiffs to ignore Maryland statutes in pursuit of their claims, while defendants Dr. Ronan and Cardiovascular Consultants, P.A. have dutifully complied with the governing statutes and have been forced to expend considerable time and expense in defending this claim, is not only prejudicial and patently unfair to the Defendants, but renders the statutory scheme meaningless.

9. As further support for this Motion, Defendants submit the accompanying Memorandum of Grounds and Authorities.

WHEREFORE, defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D. respectfully request entry of an order dismissing this matter or in the altrnative entering summary judgment in favor of defendants.

                Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP

By:    /S/
      Shadonna E. Hale, Bar #08108
      1341 G Street, N.W.,
      The Colorado Building
      Suite 500
      Washington, DC  20005
      (202) 626-7660 (DC phone)
      (410) 962-7023 (Baltimore phone)
      (202) 628-3606 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion for Dismissal or in the Alternative for Summary Judgment, Statement of Material Facts not in Dispute, and Memorandum of Points and Authorities in support thereof, was filed electronically and mailed on this 18th day of March, 2004 to:

Diane M. Littlepage, Esquire
Federal Bar #10965
Diane M. Littlepage, PA
1406B Crain Highway, Suite 207
Glen Burnie, Maryland  21061
(410) 787-7009
*Attorneys for Plaintiff*

Lynne B. Malone, Esquire
Anderson, Coe & King
Suite 2000
201 N. Charles Street
Baltimore, Maryland  21201-4102

Douglas K. Schrader, Esquire
Andrew Gwynn Bowie, Jr., Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street
P O Box 551
Annapolis, Maryland  21404-0551

                                              /S/
                                       Shadonna E. Hale

171260.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JUDITH A. EVANS, et al.** | * | |
|     **Plaintiffs** | * | |
| **v.** | * | |
| **NEIL PADGETT, M.D., ET AL.** | * | Civil Action No.: MJG-02-CV-788 |
|     **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CARDIOVASCULAR CONSULTANTS, P.A. AND DR. JAMES RONAN FOR DISMISSAL OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D., submit this memorandum in support of their Motion for Summary Judgment pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 56.

**I.      STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

This is a medical malpractice action arising out of the care and treatment to plaintiffs' decedent Robert Evans. Defendant Dr. Ronan provided treatment to plaintiffs' decedent while a partner in defendant Cardiovascular Consultants, P.A.

Plaintiffs instituted their case against defendants by filing a Second Amended Statement of Claim with the Maryland Health Claims Arbitration Office as required by Maryland law. *See* Md. Code Ann., Cts & Jud. Proc. § 3-2A-04 (a) (2002 Repl. Vol.). (See Exhibit 1, Second Amended Statement of Claim).

Plaintiffs waived arbitration and filed their Complaint with this Court in September 2002. On September 3, 2002, plaintiffs filed their Certificate of Merit. Maryland law requires that this certificate be filed within 90 days of service of the initial Complaint.

Dan Fintel, M.D. signed plaintiffs' Certificate of Merit, which is stamped with both a receipt date of March 14, 2002 and September 3, 2002. (See Exhibit 2, Claimant's Certificate of Merit). Thus, it is clear that Dr. Fintel did not execute a new Certificate after learning others were to be added as defendants in the case. Thus, the Certificate is clearly faulty on its face and in foundation as Dr. Fintel had no solid opinions regarding Dr. Ronan.

Consistent with the Court's rules regarding expert witness disclosures, Dr. Fintel wrote a report outlining his opinions in the case. (See Exhibit 3, Dr. Fintel Report). In deposition, Dr. Fintel could not identify when he wrote the report. The report **is void of any reference, let alone opinion regarding Dr. Ronan or Cardiovascular Consultants, P.A.** and in fact, only references care as of July 2000 after Dr. Ronan had retired). Dr. Fintel never supplemented his report. He testified as follows:

> Q. If we presume that the records came sometime in March, April, 2001, do you have an idea of when you completed this report, this Exhibit1?
> A. It would have been 2001 or 2002. Perhaps I had a discussion with Miss Littlepage discussing some of these aspects….
> Q. Is there any way for us to figure out by your billing records or any other records when you actually wrote the report, or at least had close to a final draft of the report, short of editing work?
> A. I didn't bring my bills….But as I sit here I really don't know the time.

(Exhibit 4, Depo trans. of Dr. Fintel, pp. 19-20.)

The testimony of Dr. Fintel makes clear that any opinions regarding Dr. Ronan were recent to the deposition, if not on the day of the deposition.

6

171260.1

> Q. Who do you believe violated the standard of care in the care and treatment of Mr. Evans?
> A. I believe that doctors involved in <u>deviations from the standard of care were primarily the last two primary physicians</u> who saw this individual, Dr. Padgett and Dr. Okun, who were responsible for managing his cardiovascular disease.  <u>And to some extent</u> <u>Dr. Ronan</u>, to the extent that Dr. Ronan did not further evaluate Mr. Evans' symptoms of shortness of breath and chest pains, <u>particularly with the letters of Dr. Batcha, which I received more recently</u>, which indicated that Batcha was concerned –we'll get into this.  That pulmonary disease didn't explain all the symptoms, and that more cardiac testing needed to be done.

(Exhibit 4, Depo trans. of Dr. Fintel, pg. 21)(emphasis added).

Any fair reading of Dr. Fintel's testimony suggests his opinions regarding Dr. Ronan were not solid until the day of the deposition.

> Q. Have there been any other materials that you have asked for that you've not been provided in this case?
> A. I don't believe so.
> Q. And have you been provided any verbal information, beyond what has been indicated in the records and in the testimony that you've reviewed?
> A. No.  In fact my first meeting with Miss Littlepage was today, and we hadn't spoken about the case in more than a year or maybe earlier this year briefly….
> Q. When did you develop the opinion that Dr. Ronan had breached the standard of care?
> A. I developed a general opinion sometime last year that this patient had a problem that required diagnosis early in the year 2000.  And without specifically mentioning Dr. Ronan, because he was not in my initial report, I was concerned that the managing physicians were not adequately responsive to his new symptoms, did not do – primarily against the cardiologist, did not perform some form of evaluation for coronary artery disease.  And to the extent that Dr. Ronan was one of the doctors responsible for his care, he's involved in that global criticism.  My primary criticism is against the last two doctors who saw this patient.
> Q. I understand that.  If I could summarize, is it true that your testimony that <u>Dr. Ronan breached the standard of care would only be</u> in relation to his response to Dr. Batcha's letter or his office note dated <u>March 23rd, 2000</u>?

7

>   A.   Yes.

(Exhibit 4, Depo trans. of Dr. Fintel, pp. 79-81) (Emphasis added).

Dr. Fintel testified that he had the records of Dr. Ronan and therefore could have identified him as deviating the standard of care but failed to do so earlier.

>   Q.   Again, just to beat a dead horse here, you had reviewed all the medical records at the time that you issued your report, and this is the only report that you have ever issued, and that's been marked as Exhibit No. 1, right?
>   A.   I hadn't reviewed the report which is obviously quite recent of Dr. Mark….I think also the records of Dr. Batcha, with the deposition of Evans, were sent to me about three months agao. And I would not have seen those records. I would have seen some of those notes in the letters written to Dr. – or the copies in Dr. Ronan's chart.

(Exhibit 4, Depo trans. of Dr. Fintel, pp. 90-91)

Plaintiffs' counsel in this case apparently persuaded Dr. Fintel to include Dr. Ronan in his criticisms on the day of the deposition:

>   Q.   Did Miss Littlepage go over prior to the deposition the March, 2000 note of Dr. Batcha that was cc'd to Dr. Ronan?
>   A.    She did call that to my attention today. I had read it. It was in my memory. But she called attention to that.

(Exhibit 4, Depo trans. of Dr. Fintel, pg. 92)

When questioned as to the opinions of Dr. Ronan's experts, Dr. Stephen Achuff and Dr. Bruce Waller, Dr. Fintel conceded his opinion was not strong regarding Dr. Ronan's role in this matter. He admitted knowing both Dr. Achuff and Dr. Waller and respecting their opinions. After acknowledging Dr. Achuff as an expert in evaluating patients in cardiology and in patients who may present with symptoms of coronary artery disease and Dr. Waller as an expert in cardiology and in cardiac pathology, he testified as follows:

8

> Q. Do you believe Dr. Achuff and Dr. Waller to be reasonable practitioners?
> A. Yes….
> Q. Would it surprise you to learn that both of them are expected to testify that Dr. Ronan met the standard of care?
> A. It would not surprise me.
> Q. And why is that?
> A. Because depending on the information available to Dr. Ronan, if he were unaware of the deterioration of this patient, then he met the standard of care.

(Exhibit 4, Depo trans. of Dr. Fintel, pp. 94-96).

## STANDARD FOR SUMMARY JUDGMENT

Under Rule 12(b)(6), a party moving for dismissal must show that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For Rule 12(b)(6) purposes, the Court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. *See, e.g., Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 113 S.Ct. 2891, 2895, 125 L.Ed.2d 612 (1993).

Rule 12(b)(6) specifically gives courts discretion to accept and consider extrinsic materials offered in conjunction with a Rule 12(b)(6) motion. However, once a court decides to accept matters outside the pleadings, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56. *See, e.g., Laughlin v. Metropolitan Washington Airports*, 149 F.3d 253, 260-261 (4th Cir. 1998).

Under Rule 56(c), summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). The burden of proof rests initially with the moving party, and the non-moving party is entitled to have all inferences drawn in his favor. *Ross v. Communication Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985). The burden, however, is on the non-moving party to produce specific facts to show there is a genuine issue for trial. *Id.*

Under the Health Care Malpractice Claims Act, Md. Code Ann., Cts & Jud. Proc. §§ 3-2A-01 et seq. (the "Act"), all medical malpractice claims must be submitted to mandatory arbitration as a pre-condition to the filing of a court action. Watts v. King, 143 Md. App. 293, 306 (2002). If a claimant fails to arbitrate her claims in accordance with the statutory procedures and time limitations set forth in the Act, dismissal of such a claim by the court is required. See, e.g., McCready Memorial Hospital v. Hauser, 330 Md. 497, 513 (1993); Tranen v. Aziz, 304 Md. 605, 614 (1985); Bailey v. Woel, 302 Md. 38, 45 (1984).

## II.  ARGUMENT

### A.  PLAINTIFFS' FAILURE TO FILE A VALID CERTIFICATE REQUIRES DISMISSAL OF THEIR COMPLAINT

Under Maryland law, a plaintiff in a medical malpractice action must file a Certificate of Qualified Expert (the "Certificate") as a condition precedent to proceeding with his/her claim. The Certificate must attest to the defendant's departure from the relevant standards of care that proximately caused the plaintiff's injury. *See* Md. Code Ann., Cts. & Jud. Proc. §3-2A-04(b)(1) (2002 Repl. Vol.). Maryland law requires that a medical malpractice action be dismissed if a plaintiff fails to comply with the Certificate requirement within the statutorily-prescribed period, 90 days after the date the initial complaint is filed. *See* Md. Code Ann., Cts. & Jud. Proc. §3-2A-04(b) (1) (2002 Repl. Vol.) (stating "[a] claim filed . . . shall be dismissed, without prejudice, if

10

171260.1

the claimant fails to file a certificate of a qualified expert with the Director . . . within 90 days from the date of the complaint").

Having filed a Second Amended Statement of Claim in the HCAO on September 3, 2002, the plaintiffs had ninety (90) days, or until approximately December 2, 2002, to file the necessary Certificate. *See* §3-2A-04(b)(1)(i). The plaintiffs' Certificate, executed by Dr. Fintel on or before March 14, 2002, was filed on September 3, 2002.

Plaintiffs' certifying expert, Dan Fintel, M.D., admitted at his deposition on September 29, 2003, that he had not identified Dr. Ronan in his report summarizing his opinions of the case, he had more recently received materials regarding Dr. Ronan, that plaintiff's counsel pointed him to a chart entry of March 23, 2000, that his opinion was limited to one criticism which was limited to March 23, 2000, and that he understood why defense experts would support Dr. Ronan.

The Claimant's Certificate does not comply with Maryland law because Dr. Fintel could not possibly have held the opinion that Dr. Ronan breached the standard of care at the time when he executed the Certificate on or before March 14, 2002 when it was filed with the original Statement of Claim. Neither Dr. Ronan or Cardiovascular Consultants, P.A. were defendants in the original claim when Dr. Fintel signed the Certificate. If Dr. Fintel believed Dr. Ronan and Cardiovascular Consultants, P.A. had breached the standard of care when he signed the Certificate of Merit, he would have identified them or at a minimum, they would have been named defendants in the action. Neither scenario took place. Thus, Plaintiffs have failed to file a valid Certificate against Dr. Ronan and Cardiovascular Consultants, P.A.

171260.1

A plaintiff cannot sidestep the statutory requirements of a Certificate of Qualified Expert by filing a fictitious Certificate that contains opinions that are not held by the certifying expert against unidentified persons or entities not yet named parties in the case. This is precisely what the plaintiffs have done here. To permit the plaintiffs to ignore Maryland statutes in pursuing their claims, while defendants Dr. Ronan and Cardiovascular Consultants, P.A. dutifully complied with the governing statutes and have been forced to expend considerable time and expense in defending this claim, is not only prejudicial and patently unfair to the defendants, but renders the statutory scheme meaningless.

**B.    PLAINTIFFS' DEFECTIVE CERTIFICATE CANNOT BE REMEDIED**

Plaintiffs' defective Certificate is not remedied by the two (2) statutory exceptions to the ninety-day rule.

The first exception, set forth in §3-2A-04(b)(1)(ii), provides for an automatic ninety (90) day extension immediately following the initial ninety (90) day period when (i) the statute of limitations applicable to the claim has expired; and (ii) the claimants' failure to file the Certificate was neither willful nor the result of gross negligence. §3-2A-04(b)(1)(ii); *McCready Memorial Hospital*, 330 Md. 497, 624 A.2d 1249 (Md. 1993).[1] Thus, under §3-2A-04(b)(1)(ii), a claimant may have as long as 180 days after filing suit in the HCAO to file the requisite expert Certificate provided (i) the statute of limitations has expired; and (ii) the claimants' failure to provide the necessary Certificate was neither willful or grossly negligent.

---

[1] In *McCready*, the court held that the 90-day extension under §3-2A-04(b)(1)(ii) is only available where the expert's certificate is filed within the 90-day extension period, i.e., within 180 days of filing of the initial complaint. *McCready*, 330 Md. at 508, 624 A.2d 1249. The Court of Appeals affirmed the circuit court's dismissal of the complaint because the statutorily required certificate was not filed within the 180-day period. *Id.* at 512-513.

12

171260.1

This "automatic 90-day extension" does not apply here because the statute of limitations on the plaintiffs' claims had not expired by December 2, 2002, when the plaintiffs' original 90-day period expired. The three-year statute of limitations on plaintiffs' wrongful death and survival claims began running on October 4, 2000, the date of Mr. Evans death, and expired on October 4, 2003. Plaintiffs filed suit naming Dr. Ronan and Cardiovascular Consultants, P.A. on September 3, 2002. Thus, the initial 90-day window for filing a Certificate of Qualified Expert ended on December 2, 2002 - which was over ten (10) months before the expiration of the statute of limitations on October 4, 2003. Because plaintiffs' claims were not time-barred, they were not entitled to the automatic ninety (90) extension under 3-2A-04(b)(1)(ii). [2]

The second exception to the ninety (90) day rule is also unavailing to the plaintiffs' claim and does not rectify the deficient Certificate of Merit. Sections 3-2A-04(b)(5) and 3-2A-05(j) permit an extension of time for filing an expert's certificate upon a showing of good cause. §3-2A-04(b)(5) and 3-2A-05(j). A claimant requesting the "good cause" exception, however, must file said request within the time limits required for filing a Certificate of Qualified Expert. *Robinson v. Pleet*, 76 Md. App. 173, 183, 544 A.2d at 5 (Md. App. 1988). The "good cause" exception does not apply here because plaintiffs <u>never</u> filed such a request.

Finally, plaintiffs cannot remedy the invalidity of the Certificate executed by Dr. Fintel through subsequent review of the records or formulation of opinion regarding Dr. Ronan or Cardiovascular Consultants, P.A.. Dr. Fintel's testimony at deposition regarding his recent and weak opinion regarding Dr. Ronan obviously could not be a basis for the certificate he signed

---

[2] Assuming, *arguendo*, that the plaintiffs were entitled to an automatic ninety (90) day extension, then plaintiffs still missed the deadline for filing an expert's certificate because the extra 90-days expired on December 2, 2002. Plaintiffs did not file a valid Certificate against Dr. Ronan by

13

171260.1

before March 14, 2002. Further, plaintiffs cannot retroactively apply Dr. Fintel's opinions after the expiration of the 90-day period. The 90-day requirement is mandatory, and plaintiffs clearly failed to meet the requirement.

## IV.   CONCLUSION

In summary, plaintiffs failed to meet the mandatory requirements of Maryland law when they filed the Certificate signed by Dr. Fintel. Clearly, there was no foundation for Dr. Fintel to even imply a breach in the standard of care by Dr. Ronan or Cardiovascular Consultants, P.A. when he signed the Certificate. The Plaintiffs failed to arbitrate, as required by Maryland law. Therefore, plaintiffs' Complaint should be dismissed, or in the alternative, summary judgment should be entered for defendants James Ronan, M.D. and Cardiovascular Consultants, P.A.

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP


        By:_____/S/_____
         Shadonna E. Hale, Bar #08108
         1341 G Street, N.W.,
         The Colorado Building - Suite 500
         Washington, DC  20005
          (202) 626-7660
          (202) 628-3606 (facsimile)

---

December 2, 2002 and to date have not done so.

171260.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JUDITH A. EVANS, et al.** | * | |
|     **Plaintiffs** | * | |
| **v.** | * | |
| **NEIL PADGETT, M.D., ET AL.** | * | Civil Action No.: MJG-02-CV-788 |
|     **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Upon consideration of the Motion for Dismissal or in the alternative for Summary Judgment filed by defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D., the memorandum of points and authorities thereof and any opposition thereto, it is hereby

ORDERED, that the Motion be and is hereby GRANTED; and it is further

ORDERED, that summary judgment be entered in favor of defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D.

 

                                                                MARVIN J. GARBIS, JUDGE

Clerk:  Please send copies to:

Shadonna E. Hale, Bar #08108
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,
1341 G Street, N.W.,
The Colorado Building
Suite 500
Washington, DC  20005

171260.1

Diane M. Littlepage
Federal Bar #10965
Diane M. Littlepage, PA
1406B Crain Highway, Suite 207
Glen Burnie, Maryland  21061

J. Michael Sloneker, Esquire
Suite 2000
201 N. Charles Street
Baltimore, Maryland  21201-4102

Andrew Gwynn Bowie, Jr., Esquire
104 West Street
P O Box 551
Annapolis, Maryland  21404-0551