RECEIVED SEP 3 2002 HEALTH CLAIMS ARBITRATION OFFICE

|  |  |  |
|---|---|---|
| JUDITH A. EVANS, Individually and as Personal Representative of the Estate of ROBERT A. EVANS 54 Binns Court Martinsburg, West Virginia 25401 | * * * | IN THE HEALTH CLAIMS ARBITRATION OFFICE |
| and | * | OF MARYLAND |
| RANDALL A. EVANS 54 Binns Court Martinsburg, West Virginia 25401 Claimants | * * * | HCA No.: 2002-113 |
| v. | * |  |
| NEIL PADGETT, M.D. 7711 Quarterfield Road, Suite A Glen Burnie, Maryland 21061 | * * |  |
| and | * |  |
| MARYLAND PRIMARY CARE PHYSICIANS, L.L.C. 7711 Quarterfield Road, Suite A Glen Burnie, Maryland 21061 Serve On: Resagent, Inc. 7 St. Paul Street Baltimore, Maryland 21202-1626 | * * * * | |
| and | * |  |
| KAMAL BATCHA, M.D. 1600 South Crain Highway Suite 308 Glen Burnie, Maryland 21061 | * * * |  |
| and | * * |  |

EXHIBIT 1

MARYLAND PULMONARY &  
CRITICAL CARE GROUP, P.A.  
1600 South Crain Highway Suite 308  
Glen Burnie, Maryland 21061  
Serve On: James S. Jacobs -Resident Agent  
          c/o: Jacobs & Dembert  
          One South Street Suite 1910  
          Baltimore, Maryland 21202



RECEIVED  
SEP 3 2002  
HEALTH CLAIMS ARBITRATION OFFICE

and

MARC OKUN, M.D.  
203 Hospital Drive  
Suite 206  
Glen Burnie, Maryland 21061

and

DRS. DOYLE OKUN & KIM  
203 Hospital Drive  
Suite 206  
Glen Burnie, Maryland 21061

and

JAMES A. RONAN, JR., M.D.  
8921 Cherbourg Dr.  
Potomac, Maryland 20854-3104

and

CARDIOVASCULAR CONSULTANTS, P.A.  
7901 Maple Avenue  
Takoma Park, Maryland 20912  
Serve On: Keith Lindgren-Resident Agent  
        5315 Sunset Lane  
        Chevy Chase, Maryland 20815

Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*



## SECOND AMENDED STATEMENT OF CLAIM

COME NOW, the Claimants, Judith A. Evans, Individually and as Personal Representative of the Estate of Robert A. Evans, and Randall A. Evans, by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and sues the Defendants Neil Padgett, M.D., Maryland Primary Care Physicians, L.L.C., Kamal Batcha, M.D., Maryland Pulmonary & Critical Care Group, P.A., Marc Okun, M.D., Drs. Doyle Okun & Kim, James A. Ronan, Jr., M.D., and Cardiovascular Consultants, P.A., and in support thereof state:

### COUNT I
#### (Survival Action)

1. At all times of which the Claimants complain, the Defendants, Neil Padgett, M.D., Kamal Batcha, M.D., Maryland Pulmonary & Critical Care Group, P.A., Marc Okun, M.D., Drs. Doyle Okun & Kim, James A. Ronan, Jr., M.D., and Cardiovascular Consultants, P.A., represented to the Claimants and the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent health care practitioners, practicing under the same or similar circumstances as those involving the Claimants.

2. The Claimants allege that the Defendants herein owed to the Claimant the duty to exercise the degree of care, skill and judgment expected of competent medical practitioners acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the severity and nature of the Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon them, continual evaluation of his condition and the affects of such treatment, and adjustment of the course of treatment in

response to such ongoing surveillance and evaluation- all of which this Defendant failed to do.

3. The Defendants were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Decedent's condition, failed to properly and appropriately diagnose the condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Decedent's treatment, failed to properly monitor the course of the Decedent's condition and treatment, failed to employ adequate and appropriate diagnostic procedures and/or tests to determine the nature and extent of the Decedent's condition, and were otherwise negligent.

4. The Claimants allege that the Defendants, Maryland Primary Care Physicians, L.L.C., Maryland Pulmonary & Critical Care Group, P.A., Drs. Doyle Okun & Kim, James A. Ronan, Jr., M.D., and Cardiovascular Consultants, P.A., through their agents, servants, and or/employees, owed to the Decedent a duty to exercise the degree of care, skill and judgment expected of competent medical corporations acting in the same or similar circumstances, which duties included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Decedent's condition, careful diagnoses of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such condition, without inflicting injury upon the Decedent, continual evaluation of the Decedent's condition and effects of such treatment, and to adjust the course of treatment in response to ongoing surveillance and evaluation- all of which this Defendant failed to do.

5. The Defendants, Maryland Primary Care Physicians, L.L.C., Maryland Pulmonary & Critical Care Group, P.A, Drs. Doyle Okun & Kim, James A. Ronan, Jr., M.D., and Cardiovascular Consultants, P.A., were negligent in that they failed to employ appropriate

treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Decedent's conditions, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Decedent's treatment in response to the effects of the treatment, failed properly to monitor the course of the Decedent's treatment and condition, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Decedent's condition, failed to diagnose the condition, and were otherwise negligent.

6. As a result of the negligence of each of these Defendants and each of them, including duly authorized agents and/or employees of the Defendant Maryland Primary Care Physicians, L.L.C., Maryland Pulmonary & Critical Care Group, P.A., and Drs. Doyle Okun & Kim, including, but not limited to Neil Padgett, M.D., Kamal Batcha, M.D., Marc Okun, M.D., James A. Ronan Jr., M.D., and Cardiovascular Consultants, P.A., the Decedent, Robert A. Evans experienced severe trauma, injury, and shock to his body, nerves and nervous system, pain, mental anguish, unnecessary hospital, surgical, and medical care, expenses and procedures, and ultimately death..

7. Prior to June, 2000, the Decedent, Robert A. Evans, was a patient of the Defendants, Neil Padgett, M.D., Kamal Batcha, M.D., Marc Okun, M.D., James A. Ronan, Jr., M.D., Maryland Primary Care Physicians, L.L.C., Maryland Pulmonary & Critical Care Group, P.A., Drs. Doyle Okun & Kim, and Cardiovascular Consultants, P.A., for medical conditions including, but not limited to, hypertrophic cardiomyopathy, asthma, gastric reflux disease, and diabetes.

8. It is asserted that, during this time, the Defendants were aware of the Decedent's existing medical diseases and conditions.

9. It is alleged that, during the course of their care and treatment of the Decedent, these Defendants and each of them negligently failed to evaluate the Decedent for cardiac conditions, negligently failed to correctly interpret diagnostic studies, and negligently failed to correctly diagnose and treat the Decedent for cardiac conditions.

10. It is further alleged that on October 3, 2000, Defendant Padgett, M.D. negligently prescribed a Nitro-Dur patch 0.6 dosage for use by the Decedent. It is alleged that the Defendant Padgett, M.D., negligently failed to consult with a cardiologist prior to prescribing the Nitro-Dur patch for the Decedent, despite knowing the Decedent's medical conditions. It is asserted that the Decedent's medical conditions were a contra-indication to the use of nitroglycerin, especially in the amount prescribed by the Defendant. It is alleged that the Defendant knew or should have known that the use of nitrates were contra-indicated for the Decedent and could lead to the death of the Decedent.

11. It is asserted that on October 4, 2000, in accordance with the instructions of the Defendant, the Decedent used his Nitro-Dur patch as prescribed, and proceeded to work at his place of employment in Essex, Maryland.

12. It is asserted that at approximately 9:00 a.m. the Decedent became extremely diaphoretic and requested that his coworkers contact the Defendant Padgett, M.D.'s office regarding his condition and for instructions and medical advice.

13. It is alleged that agents and/or employees of the Defendant's medical office negligently instructed the coworkers of the Decedent to bring the Decedent to the offices of the Defendant Padgett, M.D., approximately thirty (30) miles away, instead of advising the coworkers to immediately seek immediate emergency care and treatment for the Decedent.

14. It is asserted that, upon the Decedent's arrival at the offices of Defendant Padgett,

M.D., the Decedent was evaluated, determined to be hypotensive, with electrocardiogram changes, and at that point, was emergently transported to the emergency room via ambulance.

15. It is alleged that the Decedent arrived at the emergency room just before twelve noon. It is asserted that, shortly after his arrival to the emergency room, the Decedent developed cardiac dysrythmia and cardiac arrest requiring intubation and other aggressive medical care and treatment. It is asserted that the Decedent was pronounced dead at 3:44 p.m.

16. It is alleged that the Defendant Padgett, M.D., and agents and/or employees of the Defendant Maryland Primary Care Physicians, L.L.C., were negligent in prescribing cardiac medications, in particular nitrates, in excessive doses, and in contra-indication to the Decedent's medical conditions.

17. It is alleged that had these Defendants conformed to the standard of care, the Decedent would have undergone the appropriate testing which would have resulted in appropriate care and treatment and avoided the untimely death of the Decedent.

18. It is further alleged that this Defendant was negligent in advising the Decedent to travel to the Defendant's office, when advised of the Decedent's condition on the morning of October 4, 2000, instead of seeking emergency care at the nearest emergency facility.

19. It is alleged that, as a result of the negligence of these Defendants, the Decedent suffered a traumatic and painful hospital course, resulting in his death. In addition, as a result of the negligence of these Defendants, the Claimants have sustained injuries including, but not limited to funeral expenses, medical bills, and other economic and non-economic damages.

20. The Claimants refer to the negligence of these Defendants as a proximate cause of the injury and damages sustained – with the Claimant and the Claimant's Decedent being in no way contributorily negligent.

21.  The negligence complained of occurred in Baltimore County and Anne Arundel County. Venue is claimed in the United States District Court for the Northern District of Maryland. The amount in controversy exceeds the jurisdictional amount.

*Diane M. Littlepage* (signature)
Diane M. Littlepage
Federal Bar No.: 10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie, Maryland 21061
(410) 787-7009
*Attorney for Plaintiffs*

## COUNT II
### (Wrongful Death)

COMES NOW, the Claimant, Judith A. Evans, by and through her attorneys, Diane M. Littlepage and Diane M. Littlepage, P.A. and sues the Defendants Neil Padgett, M.D., Maryland Primary Care Physicians, L.L.C., Kamal Batcha, M.D., Maryland Pulmonary & Critical Care Group, Marc Okun, M.D., Drs. Doyle Okun & Kim, James A. Ronan, Jr., M.D., and Cardiovascular Consultants, P.A., and in support thereof states:

22.  The Claimant incorporates in this Count those facts set forth in Count I, hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

23.  At all times relevant hereto, the Claimant Judith A. Evans and the Decedent, Robert A. Evans were married and living together as husband and wife.

24.  It is alleged, that as a direct result of the negligence described in Count I, this

Claimant has been deprived of the companionship, society, care, support and consortium of the marital relationship, and has lost the services of her husband.

25. The negligence complained of occurred in Baltimore County and Anne Arundel County. Venue is claimed in the United States District Court for the Northern District of Maryland. The amount in controversy exceeds the jurisdictional amount.

*(signature)*
Diane M. Littlepage
Federal Bar No.: 10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie, Maryland 21061
(410) 787-7009
*Attorney for Plaintiffs*

## COUNT III
(Wrongful Death)

COMES NOW, the Claimant, Randall A. Evans, by and through his attorneys, Diane M. Littlepage and Diane M. Littlepage, P.A. and sues the Defendants Neil Padgett, M.D., Maryland Primary Care Physicians, L.L.C., Kamal Batcha, M.D., Maryland Pulmonary & Critical Care Group, P.A., Marc Okun, M.D., Drs. Doyle, Okun & Kim, James A. Ronan, Jr., M.D., and Cardiovascular Consultants, P.A., and in support thereof states:

26. The Claimant incorporates in this Count those facts set forth in Count I, hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

27. The Claimant, Randall A. Evans, asserts that he is the son of the Decedent, Robert A. Evans. As the result of the negligence of these Defendants, the Claimant alleges that

the relationship they enjoyed as father and son is forever gone. The Claimant has lost the love, affection, guidance, support and companionship of his father.

28. The negligence complained of occurred in Baltimore County and Anne Arundel County. Venue is claimed in the United States District Court for the Northern District of Maryland. The amount in controversy exceeds the jurisdictional amount.

Diane M. Littlepage
Federal Bar No.: 10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie, Maryland 21061
(410) 787-7009
*Attorney for Plaintiffs*