UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUDITH A. EVANS, et al. | * |
| Plaintiffs | * |
| v. | *   Civil Action No.: MJG-02-CV-788 |
| NEIL PADGETT, M.D., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and, in opposition to Defendants' motion to dismiss or, in the alternative for summary judgment, state:

1. Plaintiffs timely filed a Certificate of Qualified Expert in the above referenced matter in accordance with Md. Cts. & Jud. Proc. § 3-2A-01 *et seq.* alleging that Defendants, including James A. Ronan, Jr., M.D. and Cardiovascular Consultants, P.A. deviated from the standard of care, proximately causing the damages alleged; in this case, the premature death of Robert Evans.

2. Defendants argue that Plaintiffs' certificate of merit, executed by Dr. Fintel, does not indicate that Dr. Fintel reviewed any additional materials or had any opinion that Defendants breached the standard of care. A careful reading of Md. Cts. & Jud. Proc. § 3-2A-04(b)(1) does not require a notation that the expert has reviewed any additional materials or that these particular Defendants had breached the standard of care.

3. Defendants' interpretation of Dr. Fintel's deposition testimony requires a "broad" and "creative" reading of Dr. Fintel's deposition. The portions of Dr. Fintels' deposition as

provided by Defendants, are inconsistent with the interpretation of the testimony as portrayed by Defendants.  It is clear that Dr. Fintel holds opinions that Dr. Ronan breached the standard of care which caused the injuries complained of by Plaintiffs.

4.	Even if this court holds that Plaintiffs have failed to file a properly executed Certificate of Qualified Expert, the time limit for filing such a Certificate of Merit has not expired since Md. Cts. & Jud. Proc. § 3-2A-04(b)(1)(ii) does not specify a time limit for filing the certificate and extensions for filing the same are automatic.

5.	Defendants have had every opportunity to pursue discovery in this case and depose each of Plaintiffs' experts who have attested that these Defendants have breached the standard of care, causing the damages of which they complain.

6.	For this court to grant the motion for summary judgment, Defendants must show that there is no dispute as to any material fact and that Defendants are entitled to judgment as a matter of law.  F.R.C.P. 56(c).  Defendants have failed to do this and so, judgment must be denied.

7.	Further, Defendants have filed this motion citing F.R.C.P. 12(b)(6); however, since matters outside the pleadings have been presented by Defendants, their pending motion must be treated as a motion for summary judgment.

WHEREFORE, for the reasons stated above and in the accompanying Memorandum of Points and Authorities, Statement of Facts and Plaintiffs' Opposition to Defendants' Statement of Facts, Defendants' Motion to Dismiss or, in the Alternative Motion for Summary Judgment must be denied.

> Respectfully submitted,

          /s/
Diane M. Littlepage
Federal Bar No.:  10965
**DIANE M. LITTLEPAGE, P.A.**
1406B South Crain Highway, Suite 207
Glen Burnie, Maryland 21061
410-787-7009
*Attorney for Plaintiffs*