## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, et al.                    *

      Plaintiffs                         *

v.                                          *          Civil Action No.: MJG-02-CV-788

NEIL PADGETT, M.D., et al.                  *

      Defendants                        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs and submit this memorandum in support of their opposition to Defendants' pending motion and state:

### FACTS

**I.    PLAINTIFFS' STATEMENT OF FACTS**

1.      This is a complicated medical negligence case in which Plaintiffs allege that multiple health care providers breached the standard of care resulting in the untimely death of Robert Evans.

2.      The case was originally filed in the Health Claims Arbitration Office and waived to the United States District Court on March 14, 2002, pursuant to Maryland Cts. & Jud. Proc. § 3-2A-06A(c).

3.      After discovery had begun, the Second Amended Complaint was filed on September 3, 2002, adding Defendants Ronan and Cardiovascular Consultants, P.A. as Defendants in this matter.

4.    Dr. Dan Fintel provided a valid Certificate of Qualified Expert which was filed with the complaints in this matter.

5.    The deposition of Dr. Fintel occurred on September 29, 2003.  At that time, Dr. Fintel expressed his opinions about the negligence of the Defendants, including James Ronan, M.D. and his professional association (see depo. Fintel, p. 21, ln. 5-18) and testified that he had developed these opinions some time in 2002. (see depo. Fintel, p. 80, ln. 13-22).  This would be contemporaneous with the filing of the Second Amended Complaint joining Dr. Ronan and Cardiovascular Consultants in this case.

6.    The discovery deadline was February 27, 2004.


II.    **PLAINTIFFS' OPPOSITION TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Dr. Dan Fintel is one of Plaintiffs expert witnesses in this medical negligence case who has offered testimony that these Defendants breached the standard of care causing the premature death of Robert Evans, Plaintiffs' decedent.  While Plaintiffs do not dispute the *verbatim* testimony of Dr. Fintel as cited by Defendants, they certainly dispute Defendants' interpretation of the expert's testimony.

Defendants argue that Plaintiffs' certificate of merit is "clearly faulty on its face and in foundation as Dr. Fintel had no solid opinions regarding Dr. Ronan."  (p.2 ,¶ 2).  Accordingly to Defendants, this "fact" is "obvious" since Dr. Fintel did not execute another certificate of merit between March 14, 2002 and September 3, 2002.

It is inconceivable that Defendants can conclude that Dr. Fintel did not have opinions about Dr. Ronan at the time the September 3, 2002, certificate was filed.  Dr. Fintel believed that these Defendants had breached the standard of care, causing injuries to the Plaintiffs; therefore,

that certificate of merit is valid as to these Defendants.

Defendants' statement of "undisputed" facts continues to be fraught with bold assertions and vague misinterpretations of Dr. Fintel's deposition testimony. Dr. Fintel clearly testified that his report was completed in either 2001 or 2002, the year his certificate of merit was executed. (see depo. Fintel, p. 19-20). Defendants assert that this indicates that "any opinions regarding Dr. Ronan were recent to the deposition, if not on the day of the deposition." (p.6, ¶ 4). Yet, Dr. Fintel's deposition testimony indicates that he formulated his opinions "sometime last year (2002). (see depo. Fintel, p. 80, ln 13-22). Defendants expect this court to be able to "read" this interpretation into Dr. Fintel's plain testimony.

Plaintiffs can dissect Defendants' "statement of undisputed facts" line by line to show that the facts are, indeed, disputed. Throughout their statement of undisputed facts, Defendants take generous liberties with Dr. Fintel's deposition testimony and attempt to "spin" his testimony to support their motion. The attempt of litigants to "create fiction" with their statement of facts was recently addressed by the Honorable Andre Davis in the case of *Bryan v. Lucent Technologies, Inc.,* Case No.: AMD 03-CV-00265 (March 16, 2004) and the litigants in that case were sharply reprimanded by the court for misstating and interpreting the "facts" to support their arguments. (see attached Opinion Memorandum, p.3-6). Though Judge Davis expresses concerns about inadmissible evidence portrayed as "facts", his opinion is equally applicable to incorrect interpretations of an expert's testimony. This is exactly what Defendants are attempting to do in this matter; Dr. Fintel's testimony is clear and supports his certificate of merit.

Defendants' creative interpretation of Dr. Fintel's deposition testimony in an effort to utilize the testimony to support their pending motion, clearly points to the many **disputed** facts

in this case, as well as Dr. Fintel's opinions regarding the malpractice of these Defendants.

## **LEGAL ARGUMENT**

### II.    STANDARD OF REVIEW FOR DEFENDANTS' MOTION

Since Defendants have utilized the deposition testimony of Dr. Fintel to attempt to support their motion, F.R.C.P. 12(b)(6) is not the appropriate standard for review of this motion. Such testimony converts Defendants' motion to dismiss to a motion for summary judgment. F.R.C.P. 12(c).   Accordingly, this motion must be decided as a motion for summary judgment pursuant to F.R.C.P. 56.

In ruling upon a motion for summary judgment, the standard of review is well established; the court must review all the evidence and any *inferences* in the light most favorable to the non-moving party, as well as determining that there is not genuine dispute as to any material fact in the case. *Matushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).   The court must also decide if the moving party is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).   However, the non-moving party's response must be supported by the evidence to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).    The sole issue of Defendants' motion is the validity of Dr. Fintel's certificate of qualified expert (merit).

Plaintiffs' certificate of qualified expert was timely filed pursuant to Md. Cts. & Jud. Proc. § 3-2A- 04(b) which states:

> (1)(i)  Except as provided in subparagraph (ii) of this paragraph, a claim filed after July 1, 1986, shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury,….

Dr. Fintel's certificate of merit fully complies with the statutory requirements in effect at time of the filing of said certificate. Plaintiffs' Second Amended Complaint was filed in the Health Claims Arbitration Office with the necessary certificate of merit, and timely waived to this court in compliance with the Act. This fact is being disputed by Defendants.

### IV.    PLAINTIFFS' CERTIFICATE OF QUALIFIED EXPERT IS VALID AND WAS TIMELY FILED.

As noted above, Plaintiffs' certificate of qualified expert (merit) fully complies with the statutory requirements of the Health Claims Arbitration Act. Defendants' argument supporting their allegation that Dr. Fintel's certificate is not valid is based solely upon their erroneous interpretation of Dr. Fintel's testimony. Dr. Fintel testified that he holds the opinion that Dr. Ronan, as well as other health care providers, breached the standard of care, causing injuries to Mr. Evans. He clearly held this opinion prior to the date of his deposition, and this opinion was fully explored by counsel for these Defendants. Defendants offer no proof that Dr. Fintel's opinions regarding Dr. Ronan were formulated after the ninety-day period for filing a certificate of merit, yet that seems to be the basis of this motion. [1] Since Defendants have the burden of proof, and failed to meet this burden, their motion must be denied.

Defendants also allege that Dr. Fintel "could not possibly" have held the opinion that Dr. Ronan breached the standard of care when he executed the certificate of merit. Defendants further argue that if he had thought these Defendants had breached the standard of care, he would have identified them personally or they would have been named defendants in the action.

---

[1]  In his memorandum opinion in *Bryan,* Judge Davis complains that one of the litigants in *Rowe v. Mass Transit Administration,* ---F.Supp.2---, ---, 2003 WL 23281546,*2 (D.Md. July 28,, 2003) has "taken broad liberties and claimed a robust literary license with the summary judgment record in numerous regards, e.g., by asserting as "facts" what are no more than argumentative contentions that rest on unreasonable and speculative presumptions as to the effect of historical occurrences, and by attempting to contort the summary judgment record to support wholly

These assertions are based upon mere speculation, unsupported by the evidence.

Obviously, it is not Dr. Fintel who dictated the lawsuits in this case; to assert that it is the expert's fault that these particular Defendants were not named in the initial lawsuit imposes a huge, legal burden upon a medical doctor.    Further, there is no basis for these Defendants to be specifically identified in the certificate of merit since that is not a requirement under the Act.  Dr. Fintel's opinions regarding Defendants have not changed from the signing of the certificate of merit; therefore, it was not necessary for him to re-execute a certificate when Plaintiffs filed the amended complaint to join other parties.

Plaintiffs had no need to request an extension of time for filing a certificate of merit. Further, Plaintiffs' certificate is not defective.  Defendants incorrectly assert that Plaintiffs' certificate of merit is defective and cannot be corrected.  This is contested by Plaintiffs yet, even if, *arguendo,* Plaintiffs' certificate is defective, Defendants' motion should still be denied.

Defendants have never previously alleged that Plaintiffs' certificate (which complies with the statutory requirement) was defective.   If the certificate was defective, it is merely a technical defect and the Plaintiffs should not be barred from pursuing this action; Defendants have had clear notice of the action, have not been prejudiced and the Director of the Health Claims Office has never indicated that Plaintiff's certificate was defective. Plaintiffs can still correct any such defect. *Furst v. Isom,* 85 Md. App. 407, 584 A. 2d 108, *cert. denied,* 323 Md. 1, 590 A.2d 158 (1991).

Additionally, Defendants assert that there are only two statutory exceptions to the ninety-day rule to extend the time for filing a certificate of merit.  This is incorrect as determined in *Navarro-Monzo, et ux. V. Washington Adventist Hospital t/a Adventist Healthcare, Inc., et al.,*

---

unreasonable inferences.  @ 5, fn.1.

377 Md. 111, 832 A.2d 204 (2003) which held that time limitations for extensions to file a

certificate of merit are discretionary with the director of Health Claims Arbitration Office.

Though Plaintiffs' certificate is valid on its face and was timely filed, if the court

determines that Plaintiffs' certificate of qualified expert is defective, Plaintiffs have ample

support to correct any defects and should be afforded the opportunity to seek an extension of

time to correct this defect.   However, Defendants have had every opportunity to participate in

discovery and fully determine the opinions of Dr. Fintel.  Therefore, the requirement of an

opportunity to remedy any defects would be judicially non-economical.


V.      CONCLUSION

Defendants' pending motion is unfounded and based upon an ambitious, creative and

incorrect interpretation of the deposition testimony of Dr. Fintel.  Judge Andre Davis had

previously warned about such liberties and the effects of such on the summary judgment record.

A dispute as to a material fact does exist in this matter and, despite their interpretation of Dr.

Fintel's testimony, Defendants have failed to show that show that there is no dispute.  It is clear

that Dr. Fintel believed that Dr. Ronan breached the standard of care sometime prior to the time

that these Defendants were joined in the lawsuit.  Plaintiffs' Certificate of Qualified Expert is

valid; therefore, Plaintiffs have arbitrated this claim in accordance with the Health Claims

Arbitration Act.  Accordingly, Defendants' motion must be DENIED.



Respectfully Submitted,

_____/s/_____

Diane M. Littlepage
Federal Bar No.:  10965
**DIANE M. LITTLEPAGE, P.A.**
1406B South Crain Highway, Suite 207
Glen Burnie, Maryland 21061
410-787-7009
*Attorney for Plaintiffs*