IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH A. EVANS, et al. | * | |
| Plaintiffs | * | |
| v. | * | |
| NEIL PADGETT, M.D., ET AL. | * | Civil Action No.: MJG-02-CV-788 |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY OF DEFENDANTS CARDIOVASCULAR CONSULTANTS, P.A.
AND DR. JAMES RONAN TO PLAINTIFFS' OPPOSITION TO MOTION FOR
DISMISSAL OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT**

COME NOW defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D., by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and replies to Plaintiffs' Opposition.

Plaintiffs cite one case in support of their contention that their certificate was valid. Their reliance on the case of Navarro-Monzo, et ux. v. Washington Adventist Hospital t/a Adventist healthcare, Inc., et al., 377 Md. 111, 832 A.2d 204 (2204) is misplaced. The plaintiffs interpret Navarro to stand for the proposition that there is no time limit set for Plaintiffs filing a valid certificate with the Health Claims Arbitration Office. Any reading of the statute disproves this position. The plaintiffs in Navarro sought extensions based on good cause, which never was undertaken by the plaintiffs in the instant case.

173454.1

Amazingly, Plaintiffs also appear to suggest that the invalid certificate is irrelevant as the Defendants were on notice of the claim in a timely manner and cite <u>Furst v. Issom</u>, 85 Md.App. 407, 584 A.2d 108, <u>cert. denied</u>, 323 Md. 1, 590 A.2d 158 (1991).  The <u>Furst</u> Court was faced with a plaintiff who had failed to file a certificate for good cause shown.  The panel chair had permitted the plaintiff to proceed until the defendant persuaded him that he must dismiss the action pursuant to <u>Robinson v. Pleet,</u> 76 Md.App. 173, 544 A.2d 1, cert. denied, 313 Md. 689, 548 A.2d 128 (1988).  After the dismissal, the plaintiff filed another action which was dismissed as limitations had passed.  The plaintiffs had relied on the first ruling of the panel chair.  The Court of Special Appeals found it "appropriate that **a narrow exception be carved out in this case** so that, consistent with the purpose of statutes of limitations, plaintiffs whose action fails for a procedural, technical defect, but who delayed in correcting the defect in reliance on the ruling of an authorized decision maker, are not forever barred from recovering against a defendant who has clear notice of the action and is not prejudiced by the plaintiff's prosecution of the action."  (emphasis added).

It is clear that the plaintiffs never sought any extension to file a valid certificate and the certifying expert's testimony as set forth in the defendants' motion requires dismissal of this action and or the granting of summary judgment in the favor of the defendants.

                                                Respectfully submitted,

                                                WILSON, ELSER, MOSKOWITZ,
                                                EDELMAN & DICKER LLP

173454.1

<pre>
                                        By:    /s/      Shadonna E. Hale
                                        Shadonna E. Hale, Bar #08108
                                        1341 G Street, N.W.
                                        The Colorado Building
                                        Suite 500
                                        Washington, DC  20005
                                        (202) 626-7660 (DC phone)
                                        (410) 962-7023 (Baltimore phone)
                                        (202) 628-3606 (fax)
</pre>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply was filed electronically on this <u>9th</u> day of April 2004 to:

Diane M. Littlepage, Esquire
Federal Bar #10965
Diane M. Littlepage, PA
1406B Crain Highway, Suite 207
Glen Burnie, Maryland  21061
(410) 787-7009
*Attorneys for Plaintiff*

Lynne B. Malone, Esquire
Anderson, Coe & King
Suite 2000
201 N. Charles Street
Baltimore, Maryland  21201-4102

Douglas K. Schrader, Esquire
Andrew Gwynn Bowie, Jr., Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street
P O Box 551
Annapolis, Maryland  21404-0551

<pre>
                                         /s/      Shadonna E. Hale
                                        Shadonna E. Hale, Esquire
</pre>

3

173454.1