IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JUDITH A. EVANS, Individually and as Personal Representative of the Estate of ROBERT A. EVANS, and RANDALL A. EVANS | * * * |
| Plaintiffs | * |
| vs. | * Civil Action No. MJG-02-CV-788 * |
| NEIL PADGETT, M.D., et al. | |
| Defendants | * |

**RESPONSE OF DEFENDANTS, MARC OKUN, M.D.
DOYLE & OKUN CARDIOLOGY ASSOCIATES, KAMAL
BATCHA, M.D. AND MARYLAND PULMONARY
CRITICAL CARE GROUP, P.A. TO PLAINTIFFS' MOTION
TO EXCLUDE OPINIONS OF MICHAEL KELEMEN, M.D.**

Defendants, Marc Okun, M.D., Doyle & Okun Cardiology Associates, Kamal Batcha, M.D. and Maryland Pulmonary Critical Care Group, P.A., by their attorneys, A. Gwynn Bowie, Jr. and Douglas K. Schrader, hereby respond to plaintiffs' Motion to Exclude Opinions of Michael Kelemen, M.D., and state:

1. This is a complex medical malpractice action in which plaintiffs have alleged that these and two other physician defendants failed to timely diagnose and treat plaintiff's decedent's coronary artery disease, and that such failure proximately caused his death on October 4, 2000.

2. Plaintiffs have identified six (6) expert witnesses, including five (5) medical experts in the specialties of cardiology, internal medicine, cardio-thoracic surgery, and pathology. As required, plaintiffs provided reports summarizing these experts' opinions and grounds therefor. Counsel for these and the other defendants subsequently deposed plaintiffs'

experts to discover their opinions and the grounds therefor in detail.

3. These and the other defendants also identified numerous expert witnesses in a variety of specialties, including cardiology, and provided reports to plaintiff's counsel summarizing their opinions. One of the experts identified by these defendants is Michael Kelemen, M.D., a cardiologist, who was recently deposed by plaintiffs' counsel and whose opinions (and supplemental report) are the subject o plaintiffs' motion to exclude.

4. Although the discovery deadline in this matter was February 27, 2004, due to the volume of discovery and the number of experts, most but not all depositions were completed by that date. Accordingly, counsel for all parties continued to take depositions of remaining experts and other witnesses by mutual agreement. In fact, a few additional fact witnesses remain to be deposed by plaintiffs. Upon information and belief, all discovery will then have been completed.

5. No pretrial conference or trial dates have yet been scheduled by the Court in this matter.

6. Plaintiffs contend that Dr. Kelemen's supplemental opinions, as set forth in his supplemental report of March 22, 2004 (attached hereto as Exhibit 1), should be excluded because that report was provided to plaintiffs' counsel subsequent to defendants' deadline to identify experts and subsequent to the discovery deadline of February 27, although it was provided <u>prior</u> to Dr. Kelemen's deposition.

7. Plaintiffs' motion to exclude Dr. Kelemen's supplemental opinions, as expressed in his supplemental report, and in his deposition taken on March 24, 2004, should be denied for

a number of reasons including:

    a.  Plaintiffs will suffer no prejudice as a result of any "delay" in learning of the doctor's supplemental opinions, as discovery is just now being completed, and no pretrial or trial dates have yet been scheduled;

    b.  Plaintiffs' motion is put forth "without clean hands," in that certain of plaintiffs' experts expressed substantive opinions at their depositions that went far beyond the opinions expressed in their reports, with no supplemental reports having been provided of those opinions to defense counsel, and which opinions plaintiffs' counsel refused to limit when this was pointed out at deposition;

    c.  Dr. Kelemen's supplemental report, by contrast, was provided in good faith, <u>prior</u> to Dr. Kelemen's deposition, to supply plaintiffs' counsel with prior notice of the full range of Dr. Kelemen's evolved opinions prior to his deposition being taken.

    8.  As only the most obvious and blatant example of plaintiffs' self-serving inconsistency on the issue of expert opinion disclosure, one of plaintiffs' experts, Eugene J. Mark, M.D., a pathologist, issued two reports, dated May 1 and August 14, 2003, which set forth opinions regarding <u>only</u> pathology and the cause of death.  <u>See</u> copies of Dr. Mark's two reports, attached as Exhibit 2.  However, at his deposition, taken on October 29, 2003, Dr. Mark suggested he may give opinions regarding life expectancy (had Mr. Evans' coronary artery disease been diagnosed and treated), <u>See</u> Exhibit 3 at page 18, an opinion that was <u>not</u> included in either of his reports.  When the discrepancy between this opinion and the witness's prior reports was called to plaintiffs' counsel's attention for clarification, she refused to directly respond or to limit the doctor's opinions to those that had been expressed in his reports.  <u>See</u>

Exhibit 3 at pp. 17-21.  Dr. Mark went on to express his opinion as to life expectancy on pps. 100-106 of his deposition.

9.  Dr. Mark, on pages 43-44 of his deposition, was asked whether he would give the opinion that Mr. Evans could have been successfully treated with angiogplasty procedure, but before he could answer, plaintiffs' counsel stated that "yes," he would."  See Exhibit 3 at p. 43, lines 16-23.  This opinion was also not contained in any prior report of Dr. Mark's supplied to defense counsel.

10.  In addition, Dr. Mark's reports say nothing about <u>treatment</u> of patients with hypertrophic cardiomyopathy (HCM), one of Mr. Evans's longstanding diagnoses.  Nonetheless, in part 2 of Dr. Mark's deposition, excerpts of which are attached as Exhibit 4, plaintiffs' counsel stated, "I intend to ask him about the treatment of patients with HCM."  Exhibit 4 at p. 193, lines 14-15.  No advance notice of this proposed opinion testimony was provided to defense counsel by way of report or otherwise.

11.  In addition, one of plaintiffs' cardiology experts, Richard Friedlander, M.D., issued a report dated July 10, 2002, which is attached as Exhibit 5.  In his three page report, which was provided to defense counsel at the time he was identified and prior to his deposition, he made no mention of any opinion regarding what Mr. Evans's life expectancy would have been had his coronary artery disease been diagnosed and treated.  However, at his October 21, 2003 deposition, Dr. Friedlander nonetheless expressed opinions on that subject.  See Exhibit 6 at pp. 88-90.  This opinion was expressed without any supplemental report having been provided giving notice of it.

12.  Moreover, plaintiffs' counsel's office sent Dr. Friedlander a letter dated July 10,

2002 (attached hereto as Exhibit 7), in which Dr. Friedlander was instructed to mention in his report that it is "just a preliminary report...," as "[w]e still may have additional information to send you such as the defendant's and other experts' deposition testimony."  See Exhibit 7.  Thus, this letter evidences plaintiffs' counsel's expectation that her own expert's opinion(s) would evolve upon review of further information such as other experts' depositions.

13.   The aforementioned instances of plaintiffs' experts offering opinions at deposition that were not even remotely mentioned in their written reports, at times with the express approval of plaintiffs' counsel, demonstrate that plaintiffs' motion to exclude Dr. Kelemen's supplemental opinions is disingenuous and evidences a double standard with respect to expert witness opinion disclosure.  Quite simply, plaintiffs ask this Court to enforce a "rule" that they have clearly disregarded themselves.  Plaintiffs' own experts testified to opinions not included in or even suggested by their reports, with the tacit or even express approval of plaintiffs' counsel.  By contrast, in the case of Dr. Kelemen, a supplemental report of his supplemental opinions was provided, in good faith, to plaintiffs' counsel prior to his discovery deposition in order to permit plaintiffs' counsel to explore them at deposition.  This is in keeping with the spirit of FRCP Rule 26(a) and (b), which require supplementation of

disclosures, and stands in stark contrast to plaintiffs' failure to provide prior notice of certain opinions of their own expert witnesses.

14.   Moreover, the cases cited by plaintiffs in support of their motion are inapposite and best to the situation presented herein.  Naughton v. Bankier, 114 Md. App.641, 691 A.2d 712 (1997), decided by the Court of Special Appeals of Maryland, addresses a situation in

which the defendant identified an expert witness just one business day before trial, and more than one year past the expiration of the court-ordered disclosure period.  691 A.2d at 718.  The appellate court held that the trial judge had abused his discretion by allowing this expert named on the eve of trial to testify, holding that this extremely late disclosure was "prejudicial and fundamentally unfair...." Id.  In the other case cited by plaintiffs, Shelton v. Kirson, 119 Md. App. 325, 705 A.2d 25 (1998), decided by the Court of Special Appeals of Maryland, an egregious late disclosure, similar to that in Naughton, supra, was presented.  The trial court's scheduling order called for discovery other than the naming of expert witnesses to be completed by April 24, 1996, and experts to be disclosed by July 22, 1995, plaintiff/appellant identified an additional expert nearly three months after the discovery deadline and nearly a year after the expert identification deadline.  The trial court precluded this late-named expert from testifying at trial, and the appellate court found no abuse of discretion with this "flagrant failure ...to comply with the schedule...." 705 A.2d at 27-28.

   15. This Court has addressed circumstances that are more revealing with respect to the situation presented here.  In Tucker v. Ohtsu Tire & Rubber Co., Ltd., 49 F.Supp. 2d 456 (1999), the Court held that exclusion of a supplemental expert witness report was not warranted where the report was supplemented ten days prior to the close of discovery and over four months before trial, and the opposing party was made aware of the additional opinion during the expert's deposition.  49 F.Supp 2d at 460-61.  The Court considered four factors in deciding whether the supplemental disclosed opinion should be permitted:  (1) the explanation for making the supplemental disclosure at the time it was made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance

to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice.  Based upon these factors, the District Court held that the motion to exclude should be denied.  Id. at 461.  The Court found that the disclosure was technically timely, and "sufficiently in advance of trial that it cannot be fairly characterized as 'ambush tactics.'"  Moreover, it is important to point out that the Court considered the fact that the opposing party had been previously made aware of the supplemental opinion during the expert's previously held deposition, notwithstanding the fact that that expert had stated at deposition that he had no "current contemplation" of performing additional tests.  Id.  In another case decided by the United States District Court for Maryland, Sullivan v. Glock, Inc., 175 F.R.D. 497 (1997), the District Court pointed out that the trial court has "enormous discretion in deciding whether a party's violation of the expert report rules is justified or harmless, and the result will be determined by the facts peculiar to each case."  Id. at 505-506.  The Court also considered the same four factors as enunciated in the Tucker case, supra.  Considering these factors, the Court denied the motion to preclude, permitted the opinions, and permitted the opposing party to depose the experts to discovery those opinions.  Id. at 508.

    16. In the instant case, Dr. Kelemen, a cardiologist, whose expertise and opinions go to the heart of this case, supplemented his prior report in some substantive respects, and this was provided to plaintiffs' counsel in good faith prior to Dr. Kelemen's deposition in order to provide fair notice and to afford plaintiffs' counsel an ample opportunity to discover those opinions in detail and their bases.  Moreover, there is no prejudice to plaintiffs that resulted from this disclosure, as neither a pretrial conference nor a trial date has yet been scheduled, and plaintiffs were, by virtue of the supplemental disclosure, permitted to discover Dr. Kelemen's

full range of opinions and their bases at his deposition, incurring no added expense of even a supplemental deposition.   Moreover, it should be pointed out that undersigned counsel could have attempted to proceed in the manner plaintiffs had previously proceeded, i.e., by failing to provide notice of supplemental expert opinions prior to deposition and permitting Dr. Kelemen to simply express those opinions for the first time while being deposed.   This was not done. Rather, undersigned counsel provided plaintiffs with Dr. Kelemen's supplemental opinions via a written, supplemental report prior to his deposition, in a good faith attempt to provide fair and adequate notice to plaintiffs of those opinions, and permit them to explore them in detail at his deposition.   This has worked no prejudice to plaintiffs, and plaintiffs' motion to exclude Dr. Kelemen's supplemental opinions should be denied.

WHEREFORE, for the above-stated reasons, these defendants respectfully request that the Court deny plaintiffs' motion to exclude supplemental opinions of Michael Kelemen, M.D.

Respectfully submitted,

_____
A. Gwynn Bowie, Jr., Bar No. 00398
Douglas K. Schrader, Bar No. 09269
Wharton, Levin, Ehrmantraut & Klein, P.A.
104 West Street, P.O. Box 551
Annapolis, MD   21401-0551
(410)263-5900
Attorneys for Marc Okun, M.D., Doyle & Okun
Cardiology Associates, Kamal Batcha, M.D. and
Maryland Pulmonary & Critical Care Group, P.A.

## CERTIFICATE OF SERVICE

      I hereby certify that on this _____ day of April, 2004, copies of the foregoing Response of Defendants, Marc Okun, M.D., Doyle & Okun Cardiology Associates, Kamal Batcha, M.D. and Maryland Pulmonary & Critical Care Group, P.A. and proposed Order were mailed, postage prepaid, to:

Diane M. Littlepage, Esquire
Diane M. Littlepage, P.A.
1406B S. Crain Highway, Suite 207
Glen Burnie, MD   21061
Attorney for Plaintiffs

Lynne Malone, Esquire
J. Michael Sloneker, Esquire
Anderson, Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, MD   21201
Attorneys for Neil Padgett, M.D. and
Primary Care Physicians, LLC


Shadonna E. Hale, Esquire
Wilson, Elser, Moskowitz, Edelman
  & Dicker LLP
400 E. Pratt Street, Suite 430
Baltimore, MD 21202
Attorney for James A. Ronan, Jr., M.D. and
Cardiovascular Consultants, P.A.


                                                   _____
                                                   Douglas K. Schrader, Bar No.  09269

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JUDITH A. EVANS, Individually and as Personal Representative of the Estate of ROBERT A. EVANS, and RANDALL A. EVANS | * <br> * <br> * |
| Plaintiffs | |
| | * Civil Action No. MJG-02-CV-788 |
| vs. | |
| | * |
| NEIL PADGETT, M.D.,et al. | |
| Defendants | * |

**O R D E R**

Having read and considered plaintiffs' Motion to Exclude Supplemental Opinions of Michael Kelemen, M.D., defendants' response thereto, and any other relevant materials, it is this _____ day of _____, 2004, hereby **ORDERED**:

1. That plaintiffs' Motion to Exclude Supplemental Opinions of Michael Kelemen, M.D. shall be and hereby is **DENIED**.

_____
Judge, United States District Court for the
District of Maryland

cc:   Diane M. Littlepage, Esquire
      Diane M. Littlepage, P.A.
      1406B S. Crain Highway, Suite 207
      Glen Burnie, MD   21061


      Lynne Malone, Esquire

Anderson, Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, MD   21201

Shadonna E. Hale, Esquire
Wilson, Elser, Moskowitz, Edelman
   & Dicker LLP
400 E. Pratt Street, Suite 430
Baltimore, MD 21202

A. Gwynn Bowie, Jr., Esquire
Douglas K. Schrader, Esquire
Wharton, Levin, Ehrmantraut & Klein, P.A.
104 West Street
Annapolis, MD   21401