IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, Individually   *
and as Personal Representative
of the Estate of ROBERT A.      *
EVANS, et al.
                                *

        Plaintiffs
                                *
        vs.                         CIVIL ACTION NO. MJG-02-788
                                *
NEIL PADGETT, M.D., et al.
                                *

        Defendants
*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

        The Court has before it the Motion of Defendants

Cardiovascular Consultants, P.A. and Dr. James Ronan for

Dismissal or in the Alternative for Summary Judgment [Paper

79], and the materials submitted related thereto.  The Court

finds a hearing unnecessary.


I.    INTRODUCTION

        In the instant case brought under the Court's diversity

jurisdiction,[1] Plaintiffs claim that medical malpractice

caused the death of Robert A. Evans ("Mr. Evans").  Plaintiffs

initially sued six original Defendants[2] and, in the Amended

_____

        [1]    Jurisdiction is proper under 28 U.S.C. §1332, as the
parties are diverse and the amount in controversy exceeds
$75,000.

        [2]    The original Defendants were Dr. Neil Padgett;
Maryland Primary Care Physicians, L.L.C.; Dr. Kamal Batcha;

Complaint, added Dr. James A. Ronan, Jr.; and, Cardiovascular Consultants, P.A. ("the Added Defendants").

In the course of his lifetime, Mr. Evans had been a patient of each of the Defendants for medical conditions including hypertrophic cardiomyopathy, asthma, gastric reflux disease, and diabetes.  On October 3, 2000 Defendant Dr. Padgett prescribed a Nitrodur patch containing nitroglycerin, a nitrate, for Mr. Evans.  Unfortunately, Mr. Evans had a contra-indication to the use of nitrates and their use could lead to his death.

On October 4, 2000, Mr. Evans used the Nitrodur and went to work.  At 9 am, Mr. Evans began sweating profusely and asked his co-workers to call Dr. Padgett.  The doctor's office instructed that Mr. Evans be brought into the office.  Once at Dr. Padgett's, Mr. Evans was evaluated and taken to the emergency room by ambulance.  Mr. Evans arrived at the emergency room just before noon and was pronounced dead at 3:44 pm.

Plaintiffs allege, inter alia, that during the course of each of the six original and two Added Defendants' care and treatment of Mr. Evans, they negligently failed to evaluate,

---

Maryland Pulmonary & Critical Care Group, P.A.; Dr. Mark Okun; and Doyle & Okun Cardiology Associates.

correctly diagnose, and treat Mr. Evans for his cardiac
conditions.

In the instant motions, the Added Defendants have moved
for dismissal or summary judgment on procedural grounds.


II.  Summary Judgment Standard

The Added Defendants, Dr. Ronan and Cardiovascular
Consultants, P.A. ("Cardiovascular Consultants"), seek
dismissal  and/or summary judgment under Rule 56, Fed. R. Civ.
P.  In view of the parties' reliance upon materials other than
the pleadings, limited though they are, the Court shall
consider the motion as one for summary judgment.  See Rule
12(b)(6), Federal Rules of Civil Procedure

A motion for summary judgment shall be granted if the
pleadings and supporting documents "show that there is no
genuine issue of material fact and that the moving party is
entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(c).  The well-established principles pertinent to such
motions can be distilled to a simple statement.

The Court must look at the evidence presented in regard
to the motion for summary judgment through the non-movant's
rose-colored glasses, but must view it realistically.  After
so-doing, the essential question is whether a reasonable fact-

3

finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to a judgment as a matter of law.  E.g. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-9 (1970); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

III. DISCUSSION

On March 14, 2002, Plaintiffs filed their Statement of Claim with the Maryland Health Claims Arbitration Office and, pursuant to Maryland Statute, submitted with it a Certificate of Qualified Expert (the "Expert Certificate") from Dr. Dan Fintel.  The Added Defendants were not named in either the Statement of Claim or in the Expert Certificate.  Plaintiffs filed, with the Statement of Claim, a waiver of arbitration allowing them to proceed directly to court.  On the same date, March 14, 2002, Plaintiffs filed the instant law suit against the Original Defendants but not the Added Defendants.  The Complaint was virtually identical to the Statement of Claim.

Thereafter, Plaintiffs decided to proceed herein against the Added Defendants, Dr. James A. Ronan, Jr. and Cardiovascular Consultants, P.A.  Accordingly, on September 3,

4

2002, Plaintiffs filed an Amended Statement of Claim against
the Original and the Added Defendants with the Maryland Health
Claims Arbitration Office.  Plaintiffs submitted with the
Amended Statement of Claim the same Expert Certificate that
had been submitted with the Original Statement of Claim.
Plaintiffs also filed, with the Amended Statement of Claim, a
waiver of arbitration allowing them to proceed directly to
court.  On the same date, September 3, 2002, Plaintiffs filed
the Second Amended Complaint against the Original Defendants
and the Added Defendants.  The Second Amended Complaint was
virtually identical to the Amended Statement of Claim.

Defendants contend that Plaintiffs did not comply with
the procedural requirements of the Health Care Malpractice
Claims Act, Md. Code Ann. Cts. & Jud, Proc. §§3-2A-01 <u>et
seq</u>.(the "Act") with regard to the Added Defendants.

The Act provides that a claim

> shall be dismissed, without prejudice, if the
> claimant fails to file a certificate of a qualified
> expert with the Director attesting to departure from
> standards of care, and that the departure from
> standards of care is the proximate cause of the
> alleged injury, within 90 days from the date of the
> complaint.

Md. Code Ann. Cts. & Jud, Proc. §§3-2A-04(b)(1)(i).

The Added Defendants contend that the Expert Certificate
did not constitute an opinion that <u>they</u> had breached the

5

standard of care and caused injury.  Primarily, they rely upon
the undisputable fact that the Expert Certificate did not
identify them and had been submitted in support of the
Statement of Claim asserting negligence on the part of the
Original Defendants but not the Added Defendants.  The Added
Defendants also rely upon their contention that Dr. Fintel
admitted, in his deposition, that he did not have an opinion
as to any negligence by them when he prepared the Expert
Certificate so that it could not properly be viewed as
applicable to them.

The Added Defendants are not entitled to summary judgment[3]
with regard to the adequacy of the Expert Certificate. There
is  at least, a genuine question of material fact as to
whether the Expert Certificate is adequate vis-a-vis the Added
Defendants.  Moreover, it is possible - although the matter is
not now before the Court - that Plaintiffs are entitled to
partial summary judgment with regard to the matter.

The Expert Certificate reasonably can, and perhaps can
only, be read to constitute the expression of Dr. Fintel's
opinion that whomever may have provided pertinent medical
services to Mr. Evans failed to meet the standard of care by
failing to diagnose his condition.

---

[3]      Or dismissal.

6

Dr. Fintel testified that he held the general opinion that Mr. Evans had a problem that required diagnosis in 2000. Dep. of Dr. Fintel, September 29, 2003, 80:13-15.  Dr. Fintel was concerned that the managing physicians, primarily the cardiologists, did not properly evaluate Mr. Evans.  Id. at 80:16-81:3.  To the extent that Dr. Ronan was one of Mr. Evans' cardiologists in 2000, he is included in the criticism. Id. So, despite the possibility that Dr. Fintel may not have been specifically aware of Dr. Ronan at the time he executed the Expert Certificate, he did have an opinion regarding Dr. Ronan inasmuch as Dr. Ronan was one of Mr. Evans' treating cardiologists who failed to diagnose his heart problem in 2000.

Defendants argue that Plaintiffs' failure to file a new Expert Certificate specifically identifying Dr. Ronan or Cardiovascular Consultants renders the certificate null and void as to them.  However, the Expert Certificate makes no mention of any specific doctors or healthcare providers and, therefore, did not specifically identify the Original Defendants.  No Original Defendant has questioned the adequacy of the Expert Designation.  Moreover, there is nothing in the Expert Certificate, Statement of Claim or Complaint that can fairly be read as a statement that only the Original

7

Defendants are included in the scope of Dr. Fintel's opinion.

The Act does not set forth a requirement that Defendants be specifically named in an Expert Certificate and Defendants have presented no authority supporting such a requirmeent.

Finally, Defendants argue that Dr. Fintel's initial expert report did not specifically mention Dr. Ronan. However, this is not material with regard to the adequacy of the Expert Certificate. Moreover, Defendants were not prejudiced by the failure to name the Added Defendants in Dr. Fintel's report inasmuch as the Added Defendants had the opportunity to question Dr. Fintel regarding his opinion at his deposition. Furthermore, because discovery was not closed, if Defendants had the need, they could have conducted further discovery to delve into his new opinion. Id.

Accordingly, Defendants Dr. Ronan and Cardiovascular Consultants' are not entitled to summary judgment. The Court notes, however, that the issue of the adequacy of the Expert Certificate is not yet fully resolved. There remain questions as to whether there is a genuine issue of material fact as to adequacy and as to the process for resolving the issue of adequacy.[4]

---

[4]    Is adequacy to be resolved prior to trial by the Court  or at trial, and if at trial by the judge or jury?

8

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

    1.   Defendants Dr. Ronan and Cardiovascular
Consultants' Motion to Dismiss and/or for
Summary Judgment [Paper 79] is DENIED.

    2.   By June 3, 2004, Plaintiffs shall arrange a
telephone conference to discuss the schedule for
trial and/or further proceedings herein.


SO ORDERED, on <u>Friday, May 21, 2004</u>.



                      <u>        / s /        </u>
                      Marvin J. Garbis
              United States District Judge

9