IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, Individually    *
and as Personal Representative
of the Estate of ROBERT A.       *
EVANS, et al.
                                 *
          Plaintiffs
                                 *
          vs.                       CIVIL ACTION NO. MJG-02-788
                                 *
NEIL PADGETT, M.D., et al.
                                 *
          Defendants
*       *       *       *       *       *       *       *       *

<u>MEMORANDUM AND ORDER RE EXPERT OPINIONS</u>

The Court has before it Plaintiffs' Motion to Exclude Opinions of Michael Kelemen, M.D. Contained in His Supplemental Report [Paper 81], and the materials submitted related thereto.  The Court finds a hearing unnecessary.

A.    <u>Background</u>

As set forth more fully in the Memorandum and Order issued herewith, Plaintiffs have sued Defendants[1] for medical malpractice in regard to the death of Robert A. Evans ("Mr. Evans").

Defendants Dr. Okun, Doyle & Okun Cardiology Associates, Dr. Batcha, and Maryland Pulmonary Critical Care Group, P.A.

---

[1]    Defendants are: Dr. Neil Padgett; Maryland Primary Care Physicians, L.L.C.; Dr. Kamal Batcha; Maryland Pulmonary & Critical Care Group, P.A.; Dr. Mark Okun; Doyle & Okun Cardiology Associates; Dr. James A. Ronan, Jr.; and, Cardiovascular Consultants, P.A.

(Herein "Defendants") have retained Dr. Michael Kelemen, a cardiologist, to testify as an expert witness on their behalf. Pursuant to scheduling orders in the case, Defendants' deadline for providing Rule 26(a)(2) expert reports was April 28, 2003.  Dr. Kelemen issued his initial report within the deadline, on April 24, 2003.  The overall discovery deadline was February 27, 2004 and as of that date, most but not all depositions were completed.  Depositions for both Plaintiffs and Defendants remained, so by agreement, counsel for all parties continued to take depositions after the scheduled cut-off.

On March 22, 2004, Defendants submitted the supplemental report of Dr. Kelemen.  Dr. Kelemen's deposition was scheduled for, and taken on, March 24, 2004.  Plaintiffs contend that the supplemental report should be excluded because it was submitted after the expert report deadline and the overall discovery cut-off.

B.    <u>Discussion</u>

Rule 26(a)(2)(A), Federal Rules of Civil Procedure requires the disclosure of the identity of any expert witness, 26(a)(2)(B) requires that the expert prepare a report containing "a complete statement of all opinions to be

2

expressed and the basis and reasons therefor."  Rule 26(e)(1) requires that "any additions or other changes to [Rule 26(a)(2)(B) reports] shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due."  Reading the sections together, in the absence of a court scheduling order specifically addressing Rule 26(a)(3) disclosures, a party could theoretically contend that the deadline for supplementing Rule 26(a)(2)(B) expert reports could be as late as the filing of the pretrial submissions required by Local Rule 106.  <u>Tucker v. Ohtshu Tire & Rubber Co., Ltd., et al.</u>, 49 F.Supp.2d 456, 460 (D. Md. 1999).

Under 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)... is not, unless such failure is harmless, permitted to use as evidence at trial... any witness or information not so disclosed."  Thus, if there is substantial justification or if missing a deadline is harmless, Rule 37(c)(1) does not require preclusion of an expert opinion for untimely disclosure.  In assessing whether there is substantial justification for, or harmlessness in, the delay, a Court should consider four factors:

> 1.   The explanation for making the supplemental disclosure at the time it was made;

      2.    Importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation;

      3.    Potential prejudice to an opposing party; and

      4.    The availability of a continuance to mitigate any prejudice.

<u>Sullivan v. Glock, Inc.</u>, 175 F.R.D. 497, 506-7 (D. Md. 1997); <u>Tucker</u>, 49 F.Supp.2d at 461.

In the instant case, Defendants have not substantially justified the late report. As Plaintiffs point out, the information forming the basis for Dr. Kelemen's supplemental report was available prior to the discovery cut-off and Defendants offer no reasons for the delay. But, lack of justification does not end the analysis and bar the testimony.

As to the second factor, Dr. Kelemen is a cardiologist whose expertise and opinions are central to a case arising out of the death of a man with heart problems. Dr. Kelemen's testimony regarding Mr. Evans' survival prospects had Defendants used different measures to respond to his condition goes to an important issue in the litigation.

The third and fourth factors may be analyzed together. Although Dr. Kelemen's report was supplemented long after the initial reports were due and after the discovery cut-off set by the Court, it was submitted before his deposition, before discovery was completed by agreement of the parties, and

4

before pretrial submissions.  Furthermore, Plaintiffs had the supplemental report <u>before</u> the deposition and had the opportunity to prepare deposition questioning regarding Dr. Kelemen's new opinions and to depose him.  Furthermore, the Court can, even now, take whatever measures may be necessary to avoid any material prejudice.

Accordingly the Court does not find that allowing Dr. Kelemen's testimony as to the supplemental matters would be prejudicial to Plaintiffs.  <u>See</u> <u>e.g.</u>, <u>Tucker</u>, 49 F.Supp.2d 456 (exclusion of supplemental witness report not warranted where report was supplemented prior to close of discovery, over four months before trial, and opposing party was made aware of supplemental opinion during expert's deposition).

C.    <u>Conclusion</u>

For the foregoing reasons:

1.    Plaintiffs' Motion to Exclude Expert Opinion [Paper 81] is DENIED.

2.    By June 3, 2004, Plaintiffs may seek any necessary mitigation of material prejudice caused by the March 22, 2004 filing of the supplemental report.

SO ORDERED, on <u>Friday, May 21, 2004</u>.

_____/ s /_____

Marvin J. Garbis
United States District Judge
