UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMES K. BREDAR**<br>**U.S. MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0950**<br>**(410) 962-2985 FAX** |

June 24, 2004

| | |
|---|---|
| Diane Martin Littlepage, Esquire<br>1406 B Crain Highway, Suite 207<br>Glen Burnie, Maryland   21060 | Andrew Gwynn Bowie, Jr., Esquire<br>Douglas Kurt Schrader, Esquire<br>Wharton Levin Ehrmantraut and Klein<br>104 West Street, P O Box 551<br>Annapolis, Maryland   21404-0551 |
| John Michael Sloneker, Esquire<br>Lynne B. Malone, Esquire<br>Anderson Coe and King LLP<br>261 North Charles Street, Suite 2000<br>Baltimore, Maryland   21201-4135 | Shadonna E Hale, Esquire<br>Wilson Elser Moskowitz Edelman and Dicker LLP<br>1341 G Street, NW - Suite 500<br>Washington, DC   20005 |

Subject: *Judith A. Evans, Individually and as Personal Representative of the Estate of Robert A. Evans, et al. v. Neil Padgett, M.D., et al.*
Civil Action No.MJG-02-788

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Monday, October 4, 2004, at 10:00 a.m.** to be held in my chambers (Room 8C).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is <u>not</u> sufficient.

No later than **Monday, September 27, 2004**, I would like to receive by regular mail, <u>not</u> electronically, from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

Letter to Counsel - *Evans v Padgett, et al.*
Page Two
June 24, 2004

      5. Estimate of attorney's fees and costs of litigation through trial.

      The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you wish me to review any case authorities that you believe are critical to your evaluation of the case, please identify.

      Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference. The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. See 28 U.S.C. § 652(d).

      Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                            Very truly yours,

                              /s/

                            James K. Bredar
                            United States Magistrate Judge

JKB/cw
cc: The Hon. Marvin J. Garbis
    Chambers file
    Court file