## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, et al.                    *

       **Plaintiffs**                    *

v.                                         *          **Civil Action No.: MJG-02-CV-788**

NEIL PADGETT, M.D. et al.                  *

       **Defendants**                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DEFENDANTS' MOTION FOR RECONSIDERATION

COME NOW Defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D., by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and move this Court for reconsideration of the Order dated May 21, 2004 denying Defendants' Motion for Dismissal or in the Alternative for Summary Judgment.  In support of this Motion, Defendants state as follows:

1.      Defendants filed a Motion for Dismissal or in the Alternative for Summary Judgment on March 18, 2004.  In said motion, Defendants argued that dismissal was appropriate due to Plaintiffs' failure to comply with the procedural requirements set forth in the Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 *et seq.*  Specifically, Defendants alleged that Plaintiffs' Certificate of Qualified Expert was inadequate because it did not specifically allege a breach of the standard of care by Dr. Ronan and Cardiovascular Consultants, P.A. and had been executed when other codefendants were sued but months prior to Dr. Ronan and Cardiovascular Consultants, P.A. being added as defendants to the action.

2.      Plaintiffs filed a Response in Opposition to Defendants' Motion on March 31, 2004.  Defendants filed a Reply to Plaintiff's Opposition on April 9, 2004.

3.     On May 21, 2004, this Court entered an Order Denying Defendants' Motion for Dismissal or in the Alternative for Summary Judgment.

4.     On July 15, 2004, the Court of Special Appeals of Maryland issued an opinion in *D'Angelo v. St. Agnes Healthcare, Inc.*, 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004) affirming a dismissal of the plaintiff's malpractice action because the Certificate of Qualified Expert required by the Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b)(1), did not specifically name the physician defendants, but instead alleged generally that "the health care providers named in the claim" failed to comply with the applicable standard of care.   The *D'Angelo* Court explicitly rejected the plaintiff's argument that the Act merely required "the expert to certify that *someone (as yet unknown)* breached the applicable standard and that *someone's* deviation from the appropriate standard of care proximately caused medical injury."  *Id.* at *22 (emphasis added).   The Court explained, "If such an interpretation were sanctioned, the certificate requirement would amount to a useless formality."  *Id.*   The Court held that because the Certificate of Qualified Expert did not specifically name providers as being negligent, the Certificate did not comply with the requirements of the Health Care Malpractice Claims Act and therefore were inadequate.   *D'Angelo* at *25.   Thus, the action was properly dismissed by the Circuit Court because filing a proper Certificate is a condition precedent to a malpractice action.   *D'Angelo* at *27.   The Court made clear that "at the time plaintiffs filed their certificates, it was well established that the certifying doctor was required to say that he or she was of the opinion that the defendants, who were named in the complaint, deviated from the applicable standard of care and that the deviation proximately caused the plaintiff's injury.   This was made crystalline by *McCready*, which was decided in 1993."   (citing *McCready Mem'l Hosp. v. Hauser*, 330 Md. 497 (1993).)

2

5.      The recent ruling of the Court of Special Appeals in *D'Angelo* warrants reconsideration of this Court's Order denying Defendants' Motion for Dismissal or in the Alternative for Summary Judgment.  Plaintiff's Certificate of Qualified Expert in this case shares the same fatal defect as the Certificate in *D'Angelo* by failing to allege that specific defendants breached the applicable standard of care.  In the instant case, the Certificate signed by Dr. Fintel certifies merely "that there was a departure from the standards of care to Robert Evans," and was signed prior to Dr. Ronan and Cardiovascular Consultants, P.A. being parties to the case.  The failure in the instant case is more egregious than that found insufficient in *D'Angelo*.

6.      Dr. Fintel's failure to properly execute and file a Certificate of Qualified Expert specifically alleging a breach by Dr. Ronan and Cardiovascular Consultants, P.A. renders the Certificate of Qualified Expert filed by Plaintiffs null and void as to Dr. Ronan and Cardiovascular Consultants.

7.      Maryland law dictates that due to Plaintiffs' failure to file a valid Certificate, the Complaint against Defendants Dr. Ronan and Cardiovascular Consultants, P.A. should therefore be dismissed.

8.      Defendants respectfully request that the Court reconsider its Order denying Defendants' Motion for Dismissal or in the Alternative for Summary Judgment in light of the recent decision of the Court of Special Appeals of Maryland in *D'Angelo v. St. Agnes Healthcare, Inc.*, 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004).

For the aforementioned reasons, Defendants respectfully request that the Court's Order of May 21, 2004 be vacated and that Defendants' Motion for Dismissal or in the Alternative for Summary Judgment be granted.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By:     ___/s/_____
        Shadonna E. Hale, Bar #08108
        1341 G Street, N.W.,
        The Colorado Building
        Suite 500
        Washington, DC  20005


## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a copy of the foregoing Motion for Reconsideration was mailed

on this  6th____  day of August, 2004 to:


Diane M. Littlepage, Esquire
Federal Bar #10965
Diane M. Littlepage, PA
1406B Crain Highway, Suite 207
Glen Burnie, Maryland  21061
(410) 787-7009
*Attorneys for Plaintiff*

Lynne B. Malone, Esquire
Anderson, Coe & King
Suite 2000
201 N. Charles Street
Baltimore, Maryland  21201-4102

Douglas K. Schrader, Esquire
Andrew Gwynn Bowie, Jr., Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street
P O Box 551
Annapolis, Maryland  21404-0551


                        _____/s/_____
                        Shadonna E. Hale

182801.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JUDITH A. EVANS, et al.** | * | |
|     **Plaintiffs** | * | |
| **v.** | * | |
| **NEIL PADGETT, M.D., ET AL.** | * | **Civil Action No.: MJG-02-CV-788** |
|     **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**Order**</u>

UPON CONSIDERATION of Defendants' Motion for Reconsideration, it is this _____

day of _____, 2004,

ORDERED, that the Motion be and is hereby GRANTED and it is further hereby

ORDERED, that the Defendants' Motion for Dismissal or in the Alternative for Summary

Judgment is hereby GRANTED.


_____
Judge Marvin S. Garbis
United States District Judge


cc:

Shadonna E. Hale
Wilson, Elser, Moskowitz,
    Edelman & Dicker LLP
1341 G Street, N.W.
Suite 500
Washington, D.C. 20005

182801.2

Diane M. Littlepage, Esquire
Diane M. Littlepage, PA
1406B Crain Highway, Suite 207
Glen Burnie, Maryland  21061
(410) 787-7009

Lynne B. Malone, Esquire
Anderson, Coe & King
Suite 2000
201 N. Charles Street
Baltimore, Maryland  21201-4102

Douglas K. Schrader, Esquire
Andrew Gwynn Bowie, Jr., Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street
P O Box 551
Annapolis, Maryland  21404-0551

6