UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH A. EVANS, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: MJG-02-CV-788 |
| NEIL PADGETT, M.D., et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and submit this Memorandum of Law to support their opposition to Defendants' motion for reconsideration and state:

**FACTS**

This is a complex medical negligence case alleging that the named Defendants negligently failed to diagnose and treat coronary artery disease in the Decedent, leading to his untimely death. The Complaint was originally filed on March 14, 2002. After discovery had begun, an Amended Complaint was filed, and a Second Amended Complaint, naming Defendants Ronan and Cardiovascular Consultants, P.A. was filed on September 3, 2002. The deposition of Plaintiffs' certifying expert Dan Fintel, M.D. was completed on September 29, 2003. During his deposition, Dr. Fintel expressed opinions that Defendant Ronan and Cardiovascular Consultants had breached the standard of care, as well as causation and damages opinions.

Defendants filed a Motion for Dismissal or, in the Alternative Summary Judgment on March 18, 2004. Plaintiffs filed an Opposition to said motion, and this court denied Defendants'

Motion on May 21, 2004. The basis of Defendants' prior motion is identical to the instant motion; therefore, this court is referred to Plaintiffs' Response in Opposition to Defendants' prior motion, as well as the Plaintiffs' Memorandum of Points and Authorities which cites the deposition testimony of Plaintiffs' expert witness and authorities.

In their instant Motion, Defendants rely upon the recent case of *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004). However, the factual circumstances in *D'Angelo* differ significantly from the instant matter. In fact, a careful reading of the *D'Angelo* case shows that Plaintiffs, in this matter, did exactly what the trial court suggested prior to dismissing the *D'Angelo* lawsuit. The basis of the holding in *D'Angelo* is based upon numerous factors in the case, including the deposition testimony of the certifying experts for the plaintiffs. Therefore, this matter is easily distinguishable and Defendants' reliance upon *D'Angelo* is misplaced. Further, Defendants' reliance upon *D'Angelo* may be premature since Plaintiffs have been assured that a petition for review by the Court of Appeals will be filed before August 29, 2004.

## ARGUMENT

**I.     Plaintiffs' Second Amended Complaint is Specific as to These Defendants.**

One of the concerns for the Court in *D'Angelo v. St. Agnes Healthcare, Inc.*, was the number of Defendants named in the lawsuit and the general allegations of negligence against these Defendants. Additionally, the Defendant named in the heading of the certificate of the certifying expert was **not** a named defendant.

In *D'Angelo,* plaintiffs named thirty-one (31) defendants without performing an adequate investigation as to the actual and proper defendants. A non-specific expert certificate was filed as to the "foregoing medical providers" and no report was attached to the certificate. The

certificate identified St. Agnes Hospital as the sole defendant. Once the lawsuit was filed, St. Agnes was *not* a named defendant in the lawsuit. The Court further considered the allegations of negligence against the defendants; the complaint in *D'Angelo* only contained general allegations against the defendants.

Unlike *D'Angelo v. St Agnes Healthcare, Inc.,* in the instant matter, Plaintiffs were very specific in identifying Defendants in all the Complaints filed. Additionally, in paragraphs 10-12, the Second Amended Complaint makes specific allegations that the Defendants, including these Defendants, failed to evaluate and treat Mr. Evans' cardiac conditions. Plaintiffs' expert certificate also was accompanied by a report, unlike in *D'Angelo*.

During the motions hearing, the motions judge in *D'Angelo* specifically asked "plaintiffs' counsel why his clients did not simply sue the health care providers who they knew had violated the standard of care and then, if discovery uncovered malpractice by others, add those negligent health care providers as defendants". *D'Angelo* @ *19. The Court addressed this issue, suggesting that this was the appropriate course of action. This is exactly what Plaintiffs have done in this matter, filing both an amended complaint and a second amended complaint as discovery progressed.

Clearly, the Court was concerned about the "shot-gun" approach used by plaintiffs in naming defendants in *D'Angelo*. It was also concerned about the general nature of the allegations in the lawsuit. A review of the Second Amended Complaint in the instant matter shows that Plaintiffs were conscientious in alleging specific allegations against specific Defendants. Therefore, the *D'Angelo* case is not applicable to this case.

**II.    Plaintiffs' Certifying Expert Expressed Opinions Against Defendants Ronan and Cardiovascular Consultants.**

During discovery in *D'Angelo*, one of the certifying experts testified, at deposition, that he did not know the identify of the health care providers against whom the certificate was to be used. Further, this expert had no opinions regarding twenty of the defendants, and actually commended one of the named defendants. *D'Angelo* @ *13. The other expert retained by plaintiffs likewise did not know who the defendants were to be named in the lawsuit and did not have opinions about many of the defendants. *D'Angelo* @ *13.

In this case, as set forth in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment, during his deposition, it was very clear that Plaintiffs' certifying expert, Dr. Fintel, had formulated opinions about Defendant Ronan prior to his deposition and sometime in 2002. (see prior filing). Defendants cannot speculate that Dr. Fintel did not hold opinions about these Defendants at the time he executed the certificate of qualified expert but, again, expect this court to so speculate.

Much of the Motion to Dismiss, motions hearing, and appellate opinion in *D'Angelo* was concerned with the deposition testimony of the certifying experts and the relationship of that testimony to the certificates of qualified expert. That clearly is not applicable in this case; Plaintiffs' certifying expert opined as to all the named Defendants, including Defendants Ronan and Cardiovascular Consultants. In these circumstances, the instant matter is easily distinguished from *D'Angelo;* therefore, Defendants' motion must be denied.

### III. Granting Defendants' Motion will Prejudice Plaintiffs.

The motions judge in *D'Angelo* dismissed the case **without prejudice,** thus allowing the plaintiffs the opportunity to correct any defects in the complaint and/or the certificate of qualified expert. Evidently, plaintiffs chose not to pursue this course of action.

The negligence in the instant matter occurred in 1999 and 2000, resulting in Decedent's death in June, 2000. The statue of limitations has long passed. Should this court grant Defendants' motion based upon the holding of *D'Angelo,* the Plaintiffs would be precluded from filing a complaint; essentially, any dismissal would be **with prejudice**. To grant Defendants' motion, based upon a recent holding would preclude the Plaintiffs from their day in court. Therefore, Defendants' motion should be denied.

### CONCLUSION

As shown above, and in Plaintiffs' previous filings in opposition to Defendants' motion to dismiss or, in the alternative for summary judgment, Defendants' Motion for Reconsideration must be denied. While the holding in *D'Angelo v. St. Agnes Healthcare,* will be enticing to Defendants in medical negligence actions and likely result in a flood of motions, the circumstances of that case are very unusual for a medical negligence case, and differ greatly from the instant matter.

In *D'Angelo,* the plaintiffs took a blanket approach in identifying defendants, only made general allegations, failed to attach a report to the certificate of qualified expert, identified a defendant on the certificate of qualified expert who was not named in the complaint, had experts who testified that they did not know who the defendants were when they executed the certificate of qualified expert and who did not hold opinions about some of the named defendants, and other problems. The totality of the irresponsible actions of the plaintiffs was cited by the motions

court, as well as the Court of Special Appeals.

In this matter, Plaintiffs have limited the number of defendants identified, added defendants as discovery progressed, named a correct defendant on the certificate of qualified expert, attached an expert report, and the certifying expert testified as to breaches in the standard of care of these Defendants, and testified that he had these opinions long before his deposition was scheduled. Plaintiffs have been responsible in their litigation of this case and have complied with all the requirements under the law, as well as those suggested in the *D'Angelo* opinion.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request Defendants' Motion for Reconsideration be DENIED.

Respectfully submitted,

\_\_\_\_/s/_____
Diane M. Littlepage
Federal Bar No.: 10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie, Maryland 21061
410-787-7009
*Attorney for Plaintiffs*