IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JUDITH A. EVANS, et al.** | * | |
| Plaintiffs | * | |
| v. | * | |
| **NEIL PADGETT, M.D., ET AL.** | * | Civil Action No.: MJG-02-CV-788 |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY OF DEFENDANTS CARDIOVASCULAR CONSULTANTS, P.A.
AND DR. JAMES RONAN TO PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

COME NOW Defendants Cardiovascular Consultants, P.A. and James A. Ronan, Jr., M.D., by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and reply to Plaintiffs' Response in Opposition.

The Plaintiffs argue that there should be no reconsideration of this matter since the *D'Angelo* case will likely go the Court of Appeals. That makes no sense in this case as the Court did not make new law. It only clarified the statute and previous caselaw holding that a valid certificate is required. It certainly makes the issues clear in this case and the Defendants' position as to why there is no valid certificate as to Dr. Ronan and Cardiovascular Consultants, P.A. and judgment should be entered on their behalf.

At the time Dr. Fintel executed the certificate in this case, there was absolutely no mention of any action by Dr. Ronan or Cardiovascular Consultants, P.A. as either parties **or**

183341.1

treating health care providers in the case. His certificate says there "was a departure from the standards of care…" Therefore the Plaintiffs' position that he believed Dr. Ronan and Cardiovascular Consultants breached the standard of care and that it proximately caused injury is incredulous. In fact, the certificate in *D'Angelo* was **more** specific than that in the instant case in that at least *D'Angelo* referred to "foregoing medical providers" which may have referenced the defendants in the case caption.

As in *D'Angelo,* the complaints filed in this case only contained general allegations against the defendants. Plaintiffs state in their opposition that they had specific allegations against these defendants. This is not true. In addition, Dr. Fintel's testimony makes clear he only criticized one date of care in March 2000 for Dr. Ronan and he admitted he could understand how the defense experts, whom he respected, could support Dr. Ronan and Cardiovascular Consultants, P.A.

In this case, as in *D'Angelo*, the Plaintiffs took a blanket approach in identifying defendants, only made general allegations (except as to codefendant Dr. Padgett), and failed to attach a certificate identifying any specific breach by any specific provider. It is clear that the plaintiffs filed an invalid certificate under Maryland law. For the above reasons and those stated in prior pleadings, it is requested that this case be dismissed and/or summary judgment granted in favor of the defendants.

       Respectfully submitted,

       WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP


       By: /s/ Shadonna E. Hale
       Shadonna E. Hale, Bar #08108
       1341 G Street, N.W.
       The Colorado Building
       Suite 500
       Washington, DC  20005
       (202) 626-7660 (DC phone)
       (410) 962-7023 (Baltimore phone)
       (202) 628-3606 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply was filed electronically on this 16th day of August 2004 to:

Diane M. Littlepage, Esquire
Federal Bar #10965
Diane M. Littlepage, PA
1406B Crain Highway, Suite 207
Glen Burnie, Maryland  21061
(410) 787-7009
*Attorneys for Plaintiff*

Lynne B. Malone, Esquire
Anderson, Coe & King
Suite 2000
201 N. Charles Street
Baltimore, Maryland  21201-4102

Douglas K. Schrader, Esquire
Andrew Gwynn Bowie, Jr., Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street
P O Box 551
Annapolis, Maryland  21404-0551

                                                  */s/*     Shadonna E. Hale
                                                  Shadonna E. Hale, Esquire

183341.1