**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND**

JUDITH A. EVANS, Individually and     *
as Personal Representative of the Estate
of ROBERT A. EVANS, and     *
RANDALL A. EVANS

       *

       Plaintiffs

       *    Civil Action No.  MJG-02-CV-788

      vs.

       *

NEIL PADGETT, M.D.,et al.

       Defendants        *

**MOTION TO DISMISS OF MARC OKUN, M.D.,
DOYLE & OKUN CARDIOLOGY ASSOCIATES, P.A.,
KAMAL BATCHA, M.D. AND MARYLAND PULMONARY
<u>CRITICAL CARE GROUP, P.A.</u>**

       Marc Okun, M.D., Doyle & Okun Cardiology Associates, P.A., Kamal Batcha, M.D.

and Maryland Pulmonary and Critical Care Group, P.A., by their attorneys, A. Gwynn Bowie,

Jr. and Douglas K. Schrader, hereby request that the Court dismiss plaintiffs' action against

them, and state:

       1.   Plaintiffs filed this medical malpractice action against these defendants in the

Health Claims Arbitration Office (HCAO) of Maryland on or about July 12, 2002, via an

Amended Statement of Claim.

       2.   Accompanying the Amended Statement of Claim was a "Certificate of Merit"

signed by Dan Fintel, M.D.   The action was then waived from HCAO to this Court, with

plaintiffs filing an Amended Complaint naming these defendants in this Court on or about July

15, 2002.

3.   Plaintiffs' "Certificate of Merit" filed with their Amended Statement of Claim in HCAO was fatally deficient, mandating dismissal of this action against these defendants pursuant to Maryland law as enunciated by the Maryland Court of Special Appeals in <u>DeAngelo v. St. Agnes Healthcare, Inc.</u>, --A.2d--, 2004 WL1574801 (2004).

4.   The grounds for this motion are more fully set forth in these defendants' Memorandum of Points and Authorities in Support of this Motion to Dismiss, which is attached hereto and incorporated by reference herein.

WHEREFORE, for the reasons set forth herein, defendants, Marc Okun, M.D., Doyle & Okun Cardiology Associates, P.A., Kamal Batcha, M.D. and Maryland Pulmonary & Critical Care Group, P.A. request that this Court dismiss plaintiffs' action against them.

_____
A. Gwynn Bowie, Jr.
Douglas K. Schrader
Wharton, Levin, Ehrmantraut & Klein, P.A.
104 West Street, P.O. Box 551
Annapolis, MD    21401-0551
(410)263-5900
Attorneys for Marc Okun, M.D., Doyle & Okun Cardiology Associates, P.A., Kamal Batcha, M.D. and Maryland Pulmonary Critical Care Group, P.A..

2

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August, 2004, copies of Motion to Dismiss of Marc Okun, M.D., Doyle & Okun Cardiology Associates, P.A., Kamal Batcha, M.D. and Maryland Pulmonary Critical Care Group, P.A. and attached Memorandum and Order, were mailed, postage prepaid, to:

Diane M. Littlepage, Esquire
Diane M. Littlepage, P.A.
1406B S. Crain Highway, Suite 207
Glen Burnie, MD   21061
Attorney for Plaintiffs

Lynne Malone, Esquire
J. Michael Sloneker, Esquire
Anderson, Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, MD   21201
Attorneys for Neil Padgett, M.D. and
Primary Care Physicians, LLC

Shadonna E. Hale, Esquire
Wilson, Elser, Moskowitz, Edelman
   & Dicker LLP
400 E. Pratt Street, Suite 430
Baltimore, MD 21202
Attorney for James A. Ronan, Jr., M.D. and
Cardiovascular Consultants, P.A.


_____
Douglas K. Schrader

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND**

| | |
|---|---|
| JUDITH A. EVANS, Individually and as Personal Representative of the Estate of ROBERT A. EVANS, and RANDALL A. EVANS | * |
| | * |
| | * |
| Plaintiffs | |
| | * Civil Action No. MJG-02-CV-788 |
| vs. | |
| | * |
| NEIL PADGETT, M.D.,et al. | |
| Defendants | * |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANTS, MARC OKUN, M.D., DOYLE &
OKUN CARDIOLOGY ASSOCIATES, P.A.
KAMAL BATCHA, M.D. AND MARYLAND PULMONARY
CRITICAL CARE GROUP, P.A.**

Defendant, Marc Okun, M.D., Doyle & Okun Cardiology Associates, P.A., Kamal

Batcha, M.D. and Maryland Pulmonary Critical Care Group, P.A., by their attorneys, A. Gwynn

Bowie, Jr. and Douglas K. Schrader, in support of their Motion to Dismiss, and for good

reasons, state:

**A.    BACKGROUND**

Plaintiffs originally filed this action in the Health Claims Arbitration Office (HCAO)

in March, 2002 against health care provider Neal Padgett, M.D. and Maryland Primary Care

Physicians, LLC.   Pursuant to Courts & Judicial Proc. Art. §3-2A-04(b), plaintiffs filed a

"Certificate of Merit" signed by Dan Fintel, M.D., in which Dr. Fintel attested to his "opinion

1

that there was a departure from the standards of care to Robert Evans, and that as a direct and

proximate result thereof, the Claimant has sustained injuries and damages." <u>See</u> copy of

Claimants' Certificate of Merit, attached hereto as Exhibit A.   On or about the same date, the

claimants filed a waiver of arbitration, and filed a Complaint against Dr. Padgett and Maryland

Primary Care in this Court.

Shortly thereafter, plaintiffs filed an Amended Statement of Claim in HCAO, in

which they added these defendants as additional named parties.   That Amended Statement of

Claim was accompanied by the very same "Certificate of Merit" and a report signed by Dr.

Fintel, and utilizing the exact same language as quoted above.[1]

On or about July 12, 2002, plaintiffs filed a Motion for Leave to Amend Complaint

in this Court, in which they sought to amend this action to add these defendants as named

parties.   Shortly thereafter, plaintiffs filed their Amended Complaint in this Court, adding Dr.

Okun, Drs. Doyle, Okun & Kim, Doyle & Okun Cardiology Associates, P.A., Kamal Batcha,

M.D. and Maryland Pulmonary Critical Care Group, P.A. as defendants, in addition to Dr.

Padgett and Maryland Primary Care.   These defendants filed an Answer to the plaintiffs'

Amended Complaint on or about September 14, 2002 in which they denied plaintiffs'

allegations of negligence in the care and treatment of Robert Evans, plaintiffs' decedent.

Plaintiffs filed another motion for leave to amend their complaint in September, 2002

---

[1]

In fact, plaintiffs attached to their Amended Statement of Claim a copy of the very same
Certificate of Merit, signed by Dr. Fintel, that they had filed in conjunction with their original
Statement of Claim naming Dr. Padgett and Maryland Primary Care, with the same March 14,
2002 HCAO date stamp at the top of the Certificate.  <u>See</u> Exhibit A.

in which they sought to add yet other parties as defendants, specifically, James A. Ronan, Jr.,

M.D., and Cardiovascular Consultants, P.A.   Shortly thereafter, plaintiffs filed a Second

Amended Complaint, adding Dr. Ronan and Cardiovascular Consultants as named defendants.[2]

     During the pendency of this litigation, the parties have identified numerous medical

and other experts, discovery has proceeded and has been completed.   Trial in this case is

scheduled to begin on January 24, 2005.

## B.  LAW

     In a case of alleged medical malpractice, plaintiffs, at the Health Claims Arbitration

level, are required to file a Certificate of Qualified Expert in accordance with Maryland Courts

& Judicial Proc. Code Ann. §3-2A-04(b).   Such a filing is a condition precedent to the Circuit

Court filing, Oxtoby v. McGowan, 294 Md. 83, 91 447 A.2d 860 (1982), and the failure to file

a certificate or a proper certificate requires a dismissal of the Circuit Court case.   Id. See also,

Watts v. King, 143 Md. App. 293 (2002).

     The Court of Special Appeals has recently held that a Certificate of Qualified Expert

cannot be a blanket certificate stating that "health care providers named in the claim" breached

standards of care, thereby causing damages.   Rather, the Certificate of Qualified Expert, to

achieve compliance with Maryland Courts & Judicial Proc. Code Ann.§3-2A-04(b), needs to

specifically name the licensed professional against whom the claim is filed as having breached

---

[2]

Once again, plaintiffs filed the very same "Certificate of Merit" signed by Dr. Fintel, and date stamped March 14, 2002, with their Amended Statement of Claim filed in HCAO to support their addition of Dr. Ronan and Cardiovascular Consultants.   This is the subject of a pending Motion for Reconsideration filed by Dr. Ronan and Cardiovascular Consultants.

standards of care.   As noted by the Court of Special Appeals in the recent D'Angelo case :

"[W]e reject appellants' contention that the expert's certificate need not name the licensed

professional against whom the claims are brought."   2004 WL 1574801 @ 9.   In rejecting

appellants' argument, the Court recognized that the acceptance of a certificate not naming the

specific health care providers who were alleged to have breached standards of care would

render the "certificate requirement...a useless formality that would in no way" further the

purpose of the certificate requirement itself  Id. at 8.    Hence, the Court of Special Appeals held

that a blanket Certificate of Qualified Expert that does not delineate who actually breached

standards of care causing damages is not in compliance with the Health Claims Arbitration Act,

and that failure to comply with this condition precedent compels dismissal of the action.

        In this action, the "Certificate of Merit" as filed by the plaintiffs in Health Claims

Arbitration, which was a condition precedent to proceeding with their action, and to their

waiver of their action to this Court, does not conform with Maryland Court & Judicial Proc.

Code Ann.§3-2A-04(b) per the Maryland appellate court's D'Angelo opinion.   The "Certificate

of Merit" filed in this case, signed by Dr. Fintel, states as follows:

> " I, Dan Fintel, M.D., hereby certify that I have reviewed
> the medical records of Robert Evans.  Based upon my
> review of these records, it is my opinion that there was a
> departure from the standards of care to Robert Evans, and
> that as a direct and proximate result thereof, the Claimant
> has sustained injuries and damages."

See Exhibit B, attached hereto.    The Certificate of Merit as filed by the appellants in the

D'Angelo case also failed to delineate any specific medical professional who was alleged to

have breached standards of care or cause damage to the plaintiff, but was arguably more

4

specific than Dr. Fintel's certificate repeatedly filed herein to support allegations against not

only these defendants, but the others (Drs. Padgett and Ronan, and their respective professional

associations), as well.   The certificate filed in <u>D'Angelo</u>, in relevant part, read as follows:

> "I do further hereby certify that I have reviewed the
> medical records and films of <u>Health Care Providers named
> in this claim, pertaining to the care and treatment rendered
> to Vincent D'Angelo from St. Agnes Hospital</u>.
>
>  Based upon my training, expertise and review, I have
> concluded that the <u>foregoing medical providers failed to
> comply with the standards of care and that such failure was
> the proximate cause of the injuries to claimant, Vincent
> D'Angelo."</u>

<u>D'Angelo</u>, @ 4-5 (emphasis in original).

When one compares the "Certificate of Merit" as filed in this case with the <u>D'Angelo</u>

case, it is clear that the instant certificate signed by Dr. Fintel fails to comply with Maryland

Courts & Judicial Proc. Code Ann.§3-2A-04(b).   No compliance is had because the certificate

signed by Dr. Fintel, even moreso than the certificate analyzed and rejected by the <u>D'Angelo</u>

court, is a blanket certificate that does not specifically name any individual health care

provider(s) who were alleged to have breached the standards of care.   Because the "Certificate

of Merit" filed in this case fails to comply with Maryland Courts & Judicial Proc. Code

Ann.§3-2A-04(b), this case must accordingly be dismissed.

In addition, although plaintiffs in this action will undoubtedly attempt to distinguish

the facts in the <u>D'Angelo</u> case from the facts in the instant action, by e.g., pointing out that the

<u>D'Angelo</u> action, and the certificate accompanying the malpractice claim, was instituted against

31 defendants (as opposed to 6 defendants here), and that the physician who signed the

5

certificate in D'Angelo subsequently could not offer opinions to support allegations of

malpractice against all of the named defendants, none of those distinguishable facts were

determinative of the D'Angelo holding that a Certificate of Qualified Expert that fails to

identify specific health care providers who breached the standard of care is fatally deficient.   In

D'Angelo, the Court expressly referred to prior Maryland case law, including Watts v. King,

143 Md. App. 293, 794 A.2d 723 (2002) and McCready Mem'l Hosp. v Hauser, 330 Md. 497,

624 A.2d 1249 (1993), as establishing the indispensability of a proper certificate to proceeding

forward with a malpractice claim.   The Court rejected Appellants' contention that the "letter

and the spirit" of the certificate requirement was fulfilled in D'Angelo and that subsequent

testimony of expert witnesses that some defendants had breached the standard of care

retroactively "cured" any deficiency of the certificate.   Although the D'Angelo case provided

particularly egregious facts of the abuse of the certificate requirement, the D'Angelo Court's

holding was that "[t]he certificates of the type Appellants filed in the HCAO fulfill no useful

purpose whatsoever and were not in compliance with the requirements of §3-2A-04(b)..., [and]

[w]e therefore hold that the motion's judge did not err in dismissing Appellants' claims."   The

holding of the D'Angelo Court is entirely applicable to this action, in that Dr. Fintel's

certificate in this action fails to identify, even generically, any health care provider(s) who ha

allegedly breached the standard of care.   Moreover, it is arguable that Dr. Fintel's certificate,

the identical one of which was repeatedly filed in this action to support claims against

numerous defendants, is an even more egregious abuse of the certificate requirement than was

rejected in D'Angelo, supra.

Accordingly, for the reasons set forth above, these defendants request that the Court dismiss plaintiffs' action against them for their failure to file an appropriate and satisfactory Certificate of Qualified Expert in the Health Claims Arbitration Office pursuant to  Maryland Courts & Judicial Proc. Code Ann.§3-2A-04(b) which was a condition precedent to their continued pursuit of this action in this Court.

Respectfully submitted

_____
A. Gwynn Bowie, Jr.
Douglas K. Schrader
Wharton, Levin, Ehrmantraut & Klein, P.A.
104 West Street, P.O. Box 551
Annapolis, MD   21401-0551
(410)263-5900
Attorneys for Marc Okun, M.D., Doyle & Okun
Cardiology Associates, P.A., Kamal Batcha, M.D.
and Maryland Pulmonary Critical Care Group, P.A.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND**

JUDITH A. EVANS, Individually and          *
as Personal Representative of the Estate
of ROBERT A. EVANS, and                    *
RANDALL A. EVANS

                               *

        Plaintiffs

                           *    Civil Action No.  MJG-02-CV-788

        vs.                                *

NEIL PADGETT, M.D.,et al.

        Defendants                      *

**O R D E R**

       Having read and considered the Motion to Dismiss of Marc Okun, M.D., Doyle &

Okun Cardiology Associates, P.A., Kamal Batcha, M.D. and Maryland Pulmonary Critical Care

Group, P.A., and their supporting Memorandum of Points and Authorities, and any response

thereto filed by the plaintiffs, it is this _____ day of _____, 2004, hereby

ORDERED:

       1.    That said Motion to Dismiss shall be and hereby is GRANTED; and

       2.    That the plaintiffs' action against defendant, Marc Okun, M.D., Doyle & Okun

Cardiology Associates, P.A., Kamal Batcha, M.D. and Maryland Pulmonary Critical Care

Group, P.A., shall be and hereby is DISMISSED.

                                 _____
                                 Judge, United States District Court for
                                 the Northern District of Maryland

cc:     A. Gwynn Bowie, Jr., Esquire
          Douglas K. Schrader, Esquire
          Wharton, Levin, Ehrmantraut & Klein, P.A.
          104 West Street
          Annapolis, MD   21401

          Diane M. Littlepage, Esquire
          Diane M. Littlepage, P.A.
          1406B S. Crain Highway, Suite 207
          Glen Burnie, MD   21061

          Lynne Malone, Esquire
          J. Michael Sloneker, Esquire
          Anderson, Coe & King, LLP
          201 North Charles Street
          Suite 2000
          Baltimore, MD   21201

          Shadonna E. Hale, Esquire
          Wilson, Elser, Moskowitz, Edelman
            & Dicker LLP
          400 E. Pratt Street, Suite 430
          Baltimore, MD 21202