UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH A. EVANS, et al. | * | |
|     Plaintiffs | * | |
| v. | * | Civil Action No.: MJG-02-CV-788 |
| NEIL PADGETT, M.D., et al. | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED CERTIFICATE OF QUALIFIED EXPERT**

COME NOW the Plaintiffs, Judith Evans, *et al.*, by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and move this court for leave to file a certificate of qualified expert and state:

1. On March 14, 2002, this medical negligence case was filed before this court for the untimely death of Plaintiffs' decedent which occurred on October 4, 2002 alleging medical negligence by Defendants Neil Padgett, M.D. and Maryland Primary Care Physicians. Following the court's leave to amend the complaint, with the names of new defendants highlighted, several subsequent amended complaints were filed, each accompanied by a certificate of qualified expert.

2. Discovery in this matter has been completed and each of the Defendants has had an opportunity to depose the certifying expert as to the basis of his opinions, as well as the basis of his certificate of qualified expert.

3. Despite the fact that each amended complaint in this matter had the newly named defendants "highlighted" in bold print, some of Defendants have filed motions for judgment

contending that the certificate of Plaintiffs' qualified expert does not comport with the requirements as espoused in the newly decided case of *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004).

    4.    Plaintiffs contend that the instant matter is easily distinguishable from *D'Angelo* and it was clear to each of Defendants as to whom Plaintiffs' certificate of qualified expert applied. Plaintiffs also contend that the holding in *D'Angelo* should not be applied retroactively to cases that are currently in litigation, especially those in which the statute of limitations has expired; to do so would irreversibly prejudice plaintiffs who would be denied their day in court.

    5.    However, without waiving Plaintiffs' contention that *D'Angelo* is not applicable to the instant matter, Plaintiffs move this court for leave to file a certificate of qualified expert which complies with the standards as outlined in *D'Angelo*. Said certificate, and the accompanying report, is signed by Plaintiffs' original certifying expert, but identifies each Defendant the expert believes breached the standard of care. (see attached exhibit). Since Defendants have already had the opportunity to fully explore the expert's opinions as to each of the Defendants, Defendants will suffer no prejudice if the court grants Plaintiffs' instant motion.

    WHEREFORE, for the reasons stated above, the Plaintiffs respectfully request that the court grant leave to file the certificate of merit attached as an exhibit to this motion.

Respectfully submitted,

_____/s/_____
Diane M. Littlepage
Federal Bar #: 10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway
Suite 207
Glen Burnie, Maryland 21061
410-787-7009
*Attorney for Plaintiffs*