IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JUDITH A EVANS, Individually and as Personal Representative of the Estate of ROBERT A. EVANS, et al | * |
| | * |
| Plaintiffs | * |
| v. | *   Civil Action no.: MJG-02-CV-788 |
| NEIL PADGETT, M.D., et al | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE THE
CERTIFICATE OF MERIT SIGNED BY DAN FINTEL, M.D.**

Defendant, Neil Padgett, M.D., by his attorneys, J. Michael Sloneker and Lynne B. Malone, hereby moves to dismiss the claim filed against him, or in the alternative, to strike the certificate of merit signed by Dan Fintel, M.D., and in support of the motion states as follows:

**SUMMARY OF ARGUMENT**

According to the statutory scheme that has been implemented to prevent the filing of baseless medical negligence lawsuits, a claimant must file their suit with the Health Claims Arbitration Office (HCAO). The legislature has required that certain preconditions be met in order to transfer a case from that office into the Circuit Courts and elsewhere. A cornerstone of the screening process is the Certificate of Merit (COM) requirement, which the Maryland state courts have recently commented upon. The courts

have always recognized that the COM is a prerequisite to suit outside Health Claims and, with the *D'Angelo* decision, have again affirmed that principle. Compliance with the COM requirement is essential and the Courts will not accept a certificate that fails to identify the health care provider that has supposedly breached a standard of care. Here, as in *D'Angelo*, the COM simply states there was a breach of the standards of care. The certificate does not indicate that Dr. Padgett breached any standard and, therefore, Dr. Fintel's COM is improper and this Court does not have jurisdiction. Further, the Court has no choice but to dismiss the claim *sua sponte* for lack of jurisdiction.

## FACTUAL BACKGROUND

Plaintiffs have brought this case against, among others, Neil Padgett, M.D., claiming deviations from the appropriate standards of care. On April 24, l997, Mr. Evans first presented to Maryland Primary Care Physicians to seek treatment for what he described to be a progressive shortness of breath, which had developed over a one-year period. He eventually came under the care of Dr. Padgett later that year. As a result of his death in October 2000, Plaintiffs filed this medical malpractice case against Neil Padgett, M.D. and Maryland Primary Care Physicians. They subsequently amended their complaint adding Kamal Batcha, M.D. and his professional association, Maryland Pulmonary and Critical Care Group, P.A., as well as Marc Okun, M.D. and his professional association, Drs. Doyle, Okun and Kim. Later, in September, 2002, Plaintiffs added James Ronan, M.D. and his employer, Cardiovascular Consultants, PA as Defendants. Dr. Padgett's care and treatment of this patient was well within the applicable standards of care.

## PROCEDURAL HISTORY

As a result of Mr. Evan's death, his surviving family, the plaintiffs in this lawsuit, filed a Complaint with the HCAO in March 2002. Thereafter, on March 14, 2002, they filed a timely COM signed by Dan Fintel, M.D., and served notice of their intent to waive arbitration. The HCAO transferred the case to this Court. The case was amended to add the additional defendants and the parties to the case were set in the Fall of 2002. The COM that was filed in this case with respect to all the defendants fails to identify who allegedly breached a standard of care. Further, the COM does not specifically state that Dr. Padgett supposedly breached a standard of care as required by the Health Care Malpractice Claims Act.

## ARGUMENT

Maryland appellate courts have held that compliance with the procedural requirements of Md. Code Cts. & Jud. Proc. § 3-2A-04 (b) is a precondition to recovery and that the ultimate merit of the claim is irrelevant if the claimant fails to comply with the requirements applicable to the filing of a COM. *See e.g. Robinson v. Pleet,* 76 Md. App. 173 (1988). Indeed, a Court must order an action dismissed where a plaintiff has failed to follow the special statutory procedure prior to filing the action in Circuit Court. *Schwartz v. Lilly*, 53 Md. App. 318 (1982). The importance of the COM requirement cannot be overstated and is regarded as an "indispensable step" to pursuing a medical malpractice claim in Maryland. *McReady Mem. Hosp. v. Hauser*, 330 Md. 497, 512 (1993). "It is so important that, if the certificate requirement is not followed, a circuit

court action will be dismissed, *sua sponte*." *D'Angelo v. St. Agnes Health Care, Inc.*, 2004 Lexis Md. App. 105, 21 (2004)(citation omitted).

The COM signed by Dr. Fintel is defective and inapplicable to Dr. Padgett because it does not abide by the requirements of the Act. His certificate does not "[attest] that the licensed professional against whom the claim was filed breached the standard of care." *D'Angelo*, 2004 LEXIS Md. at 25 (quoting *Watts v. King*, 143 Md. App. 293, 306 (2002)); *see also* COM signed by Dan Fintel, M.D., attached as Exhibit 1. As noted above, the COM is indispensable and an insufficient certificate is akin to no certificate. According to the Court of Special Appeals, "failure to file a proper certificate is tantamount to not having filed a certificate at all." *Id*. at 21-2 (citations omitted); *see also McCready Mem'l Hosp. v. Houser*, 330 Md. 497, 500-502 (1993) and *Oxtoby v. McGowan*, 294 Md. 83, 91 (1982) (discussing the need to file a certificate that conforms to the Code before the case may proceed to the circuit court).

*D'Angelo* provides a detailed discussion of what a COM must include in order to satisfy Maryland law as well as the consequences of noncompliance. In *D'Angelo*, plaintiffs drafted a complaint naming thirty-one defendants and filed two certificates signed by two different health care providers. Both certificates contained the same relevant language:

> I do further hereby certify that I have reviewed the medical records and films of Health Care Providers named in this claim, pertaining to the care and treatment rendered to Vincent D'Angelo from St. Agnes Hospital.
>
> Based upon my training, expertise and review, I have concluded that the foregoing medical providers failed to

> comply with the standards of care and that such failure was the proximate cause of the injuries to Claimant, Vincent D'Angelo.

*Id.* at 6-7.

After filing their own certificates, waiving the case to the Circuit Court, and conducting some discovery, the *D'Angelo* defendants filed various motions to dismiss, or in the alternative, for summary judgment. *Id.* at 5. Defendants argued that the certificates were defective because (1) the certificates did not identify the health care providers who allegedly deviated from the standards of care and/or the deviation; and (2) when plaintiffs' experts signed the certificates, they did not know the identities of the defendants.

The Circuit Court granted the motions and although it dismissed the case without prejudice, the statute of limitations had expired as to the survival claim. Plaintiffs appealed and, in affirming the dismissal of the case, the Court of Special Appeals opined that a certificate must identify the defendant or defendants who allegedly breached the standards of care. The Court of Special Appeals further held that if a certificate is not consistent with Maryland law, the case must be dismissed. *Id.* at 33-4.

In *D'Angelo*, the fatal defect in the certificates was the failure to include any language identifying who breached the standards of care. The caption on the certificates did not even include the names of all the defendants. *Id.* at 6. The Court of Special Appeals explained:

> The defect common to both certificates is that the certifying doctors said that they had concluded that the forgoing medical providers failed to comply with the standard of care and that

5

>such failure was the proximate cause of the injuries to Claimant, Vincent D'Angelo. *But there is nothing in the certificate to indicate the identity of the health care providers who the experts believed rendered substandard care*.

*Id*. at 7-8 (emphasis added).

The Court of Special Appeals rejected plaintiffs' argument that their COM's need not identify the defendants who allegedly deviated from the standards of care. The Court of Special Appeals stated, "[a]t the time plaintiffs filed their certificates, it was well established that *the certifying doctor was required to say that he or she was of the opinion that the defendants, who were named in the complaint, deviated from the applicable standard of care* and that the deviation proximately caused the plaintiff's injury." *Id*. at 16 (emphasis added). Accordingly, the Court of Special Appeals declined to adopt plaintiff's position. *See Id*. at 25.

The Court of Special Appeals also disagreed with the contention that, regardless of the sufficiency of the certificate(s), the plaintiffs had nonetheless attempted to arbitrate in good faith and, therefore, dismissal was inappropriate. The Court of Special Appeals held:

>But, even if we agreed with appellants that they had made a good faith effort to comply with the certificate requirement, we fail to see how proof of such an effort would warrant a reversal. As has been shown, filing of a certificate meeting the requirements of section 3-2A-04(b) is a condition precedent that must be met before a claimant can proceed in a Circuit Court with a suit against a named defendant.

*Id*. at 27.

In this case, plaintiffs filed a certificate signed by Dr. Fintel on March 14, 2002. *See* Exhibit 1. The certificate states ". . . it is my opinion that there was a departure from the standards of care to Robert Evans. . . ." *See* Exhibit 1. Dr. Fintel's certificate fails to identify <u>who</u> breached the applicable standard of care and caused plaintiff's injuries. It simply states that there was a breach of the standard of care and nowhere in the document or attached report is there an indication as to whom the certificate refers. As in *D'Angelo*, the defendants are not even enumerated in the certificate's caption. Therefore, the defendants in this case are forced to go beyond the certificate to determine whether they are supposedly responsible for the injuries at issue and there is no evidence that Dr. Fintel was aware of the identity of the parties being sued when the COM was executed. Dr. Fintel's certificate does not state that Dr. Padgett breached the standard of care and, as a result, it is insufficient according to the *D'angelo* standard. Therefore, the COM signed by Dr. Fintel should be stricken.

## **CONCLUSION**

Maryland law requires compliance with the Health Care Malpractice Claims Act. Maryland appellate courts have consistently held that compliance with the procedural requirements of the Act, including the filing of a valid COM, is an indispensable step to circuit court action. In *D'Angelo*, the Court of Special Appeals opined that simply certifying someone has breached the standard of care resulting in a plaintiff's injuries is an insult to the idea that the COM requirement acts as a screening process for baseless claims. The failure to follow these procedural steps requires that Dr. Fintel's COM be stricken as invalid as to Dr. Padgett.

WHERFORE, because plaintiffs failed to file a certificate of merit that comports with Maryland law, Defendant, Neil Padgett, M.D., respectfully requests that the Court strike Dr. Fintel's Certificate of Merit and dismiss any and all claims against him as jurisdiction has not properly been obtained in this court.

Respectfully submitted,

_____/s/_____
J. Michael Sloneker
Lynne B. Malone
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 752-1630

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of August, 2004 a copy of Defendant Padgett's Motion to Dismiss, or in the alternative, to Strike the Certificate of Merit Signed by Dan Fintel, M.D., Memorandum in Support and proposed Order were mailed and/or electronically sent to:

Diane M. Littlepage, Esquire
1406B S. Crain Highway, Suite 207
Glen Burnie, MD 21061
Attorney for Plaintiffs

A. Gwynn Bowie, Esquire
Douglas K. Schrader, Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551
Attorney for Defendants Kamal Batcha, M.D., Maryland Pulminary & Critical Care Group, P.A., Marc Okun, M.D., and Doyle & Okun Cardiology Associates (Drs. Doyle Okun & Kim)

Shadonna E. Hale, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
400 East Pratt Street, Suite 430
Baltimore, Maryland 21202
Attorney for Defendants James A. Ronan, Jr., M.D. and Cardiovascular Consultants, PA

                                                                              /s/
                                                       J. Michael Sloneker