## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, et al.                              *

      Plaintiffs                              *

v.                                                  *    Civil Action No.: MJG-02-CV-788

NEIL PADGETT, M.D., et al.                          *

      Defendants                              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS OKUN, M.D., DOYLE & OKUN CARDIOLOGY ASSOCIATES, P.A., BATCHA, M.D. AND MARYLAND PULMONARY CRITICAL CARE GROUP, P.A.

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and, respectfully request that Defendants motion be denied and in opposition to the same state:

1.     This is a medical negligence case alleging that numerous health care providers of Plaintiffs' decedent, Robert Evans, negligently failed to diagnose and treat coronary artery disease, resulting in the untimely death of Mr. Evans. Plaintiffs filed the original Complaint on March 14, 2002. As discovery progressed, Plaintiffs added Defendants, filing a Motion for Leave to Amend the Complaint on July 12, 2002 to add Defendants Okun, Batcha, Doyle & Okun Cardiology Associates, P.A., and Maryland Pulmonary Critical Care Group, P.A.. In accordance with this court's rules, the Defendants to be added to the Complaint were highlighted in **bold,** thereby providing each Defendant with notice.

2.     The relief requested by Defendants in this instant motion is the same relief this court denied on May 21, 2004 when the court denied Defendant Ronan's motion to dismiss. Plaintiffs' evidence in defeating that motion was overwhelming and more than sufficient to

defeat Defendants' motion. Plaintiffs' evidence in this matter is likewise overwhelming and sufficient to defeat the instant motion.

3.      In the instant matter, Defendants rely upon the recent case of *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004). Plaintiffs refer the court to the attached Memorandum of Law, as well as the Memorandum of Law filed in opposition to the Motion for Reconsideration of Defendants Ronan and Cardiovascular Consultants, which prove that the instant matter is **clearly and significantly** distinguishable from the case upon which Defendants rely.

4.      On August 26, 2004, Plaintiffs filed Leave to Amend the Certificate of Qualified Expert, attaching a Certificate of Qualified Expert which conforms to the "notice" requirements as defined in *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004). Should the court grant Plaintiffs' Motion for Leave to Amend the Certificate of Qualified Expert, the pending motions of all Defendants would be moot.

5.      A review by the Court of Appeals had been requested for the *D'Angelo* case. Should this court grant Defendants' instant motion, it would incur a flood of unnecessary reviews to the appellate courts and delay justice to the parties.

WHEREFORE, for the reasons stated above and the attached Memorandum of Law, Plaintiffs respectfully request that Defendants' Motion to Dismiss be DENIED.

Respectfully submitted,

_____/s/_____
Diane M. Littlepage
Federal Bar No.:  10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie,  Maryland  21061
410-787-7009
*Attorney for Plaintiffs*