UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, et al.            *

    Plaintiffs                         *

v.                                 *       Civil Action No.: MJG-02-CV-788

NEIL PADGETT, M.D., et al.         *

    Defendants                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS OKUN, DOYLE & OKUN
CARDIOLOGY ASSOCIATES, P.A., BATCHA AND MARYLAND
<u>PULMONARY CRITICAL CARE GROUP, P.A.</u>**

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and submit this Memorandum of Law to support of their opposition to Defendants' motion to dismiss and state:

**FACTS**

This is a complex medical negligence case alleging that the named Defendants negligently failed to diagnose and treat coronary artery disease in the Decedent, leading to his untimely death. The Complaint was originally filed on March 14, 2002. After discovery had begun, a Motion for Leave to Amend Complaint was filed on July 12, 2002, which highlighted the addition of these Defendants in both the caption and the body of the Amended Complaint.

Defendants filed a Motion to Dismiss on August 20, 2004, after the close of all discovery in this matter. Further, this motion was filed after the same motion had been filed by Defendant Ronan, denied by this court, a Motion for Reconsideration had been filed by Defendant Ronan, and the Opposition filed by Plaintiffs. In fact, many of Plaintiffs arguments in their pending

Opposition are countered by these Defendants in the current motion. However, the facts of the instant matter are distinguishable from the case cited by Defendants.

In their instant Motion, Defendants rely upon the recent case of *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004). However, the factual circumstances in *D'Angelo* differ significantly from the instant matter. In fact, a careful reading of the *D'Angelo* case shows that Plaintiffs, in this matter, did exactly what the trial court suggested prior to dismissing the *D'Angelo* lawsuit. The basis of the holding in *D'Angelo* is based upon numerous factors in the case and is primarily concerned about the lack of notice to Defendants in the face of a blanket certificate of qualified expert and the huge number of defendants named in that lawsuit.

Since Plaintiffs complied with the suggestions of the *D'Angelo* trial court and, in accordance with this court's rules, moved to add these Defendants and **highlighted** the new Defendants thereby giving them the notice required by *D'Angelo,* Defendants' motion has no basis. This matter is easily distinguishable, and Defendants' reliance upon *D'Angelo* is misplaced. Further, Defendants' reliance upon *D'Angelo* may be premature since Plaintiffs have been assured that a petition for review by the Court of Appeals will be filed.

## **ARGUMENT**

**I.      Plaintiffs' Amended Complaint is Specific as to These Defendants.**

One of the concerns for the Court in *D'Angelo v. St. Agnes Healthcare, Inc.*, was the number of defendants named in the lawsuit and the general allegations of negligence against these defendants. Additionally, the defendant named in the heading of the certificate of the certifying expert was **not** a named defendant. There was nothing in that complaint, nor the

caption of that complaint which placed the defendants on notice as to whom the certificate of qualified expert applied.

In the instant matter, in accordance with Local Rule 6(b), when Plaintiffs filed the Motion for Leave to Amend Complaint, the Defendants to be added to the complaint were highlighted in **bold** in the caption of the complaint, as well as the body of the complaint. Therefore, it was clear as to whom Plaintiffs' certificate of qualified expert applied.

For further argument on this issue, the Court is referred to Plaintiffs' Opposition to the Motion for Reconsideration of Defendant Ronan. Defendants Okun, Batcha, Doyle & Okun Cardiology Associates, P.A. and Maryland Pulmonary Critical Care Group, P.A. were clearly on notice Plaintiffs' certificate of qualified expert was filed as to their care and treatment because of the local rule requirements of this court. For the reasons stated above, as well as in Plaintiffs' pending Opposition, the *D'Angelo* case is not applicable to this case and Defendants' motion must be denied.

**II.     Retroactive Application of D'Angelo Will Prejudice Plaintiffs.**

As noted in Plaintiffs' pending Motion for Leave to File Amended Certificate of Qualified Expert, signed by Dan Fintel, M.D., the granting of Defendants' motion to dismiss will irreparably prejudice Plaintiffs. *D'Angelo* is a recently decided case which should not be applied retroactively. The negligence in the instant matter occurred in 1999 and 2000, resulting in Decedent's death in June, 2000. The statue of limitations has long passed. Should this court grant Defendants' motion based upon the holding of *D'Angelo,* the Plaintiffs would be precluded from filing a complaint; essentially, any dismissal would be **with prejudice**. To grant Defendants' motion, based upon a recent holding would preclude the Plaintiffs from their day in court. Therefore, Defendants' motion should be denied.

**III.   Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert Should be Granted.**

On August 26, 2004, without waiving their arguments in their pending oppositions, Plaintiffs filed for leave to file an amended certificate of qualified expert signed by Dan Fintel, M.D., the original certifying expert for Plaintiffs. This certificate conforms to the requirements delineated in the *D'Angelo* case. Since all Defendants have had an opportunity to depose Dr. Fintel regarding his opinions about each of them, as well as the basis of his certification, Defendants will suffer no prejudice should the court grant Plaintiffs' motion and deny the pending motions of Defendants. Further, the granting of Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert will render moot the pending motions of Defendants.

## CONCLUSION

As shown above, and in Plaintiffs' previous filings in opposition to the motion for reconsideration of Defendants Ronan and Cardiovascular Consultants, the pending motions of Defendants must be denied. As previously noted by Plaintiffs, the holding in *D'Angelo v. St. Agnes Healthcare,* is enticing to Defendants in medical negligence actions and, in this matter, has resulted in a flood of motions. The circumstances of that case are very unusual for a medical negligence case, and differ greatly from the instant matter.

In *D'Angelo,* the plaintiffs took a blanket approach in identifying defendants, only made general allegations, failed to attach a report to the certificate of qualified expert, identified a defendant on the certificate of qualified expert who was not named in the complaint, had experts who testified that they did not know who the defendants were when they executed the certificate of qualified expert and who did not hold opinions about some of the named defendants, and other problems. Further, when given the opportunity to rectify their certificate, plaintiffs failed to do

so. The totality of the irresponsible actions of the plaintiffs was cited by the motions court, as well as the Court of Special Appeals.

In this matter, Plaintiffs have limited the number of defendants identified, added defendants as discovery progressed, highlighted the new defendants added in amended complaints, named a correct defendant on the certificate of qualified expert, attached an expert report, filed a Motion for Leave to File Amended Certificate of Qualified Expert, the certifying expert testified as to breaches in the standard of care of these Defendants, and testified that he had these opinions long before his deposition was scheduled. Plaintiffs have been responsible in their litigation of this case and have complied with all the requirements under the law, as well as those suggested in the *D'Angelo* opinion.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request Defendants' Motion to Dismiss be DENIED.

Respectfully submitted,

____/s/_____
Diane M. Littlepage
Federal Bar No.: 10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie, Maryland 21061
410-787-7009
*Attorney for Plaintiffs*