UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH A. EVANS, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: MJG-02-CV-788 |
| NEIL PADGETT, M.D., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO STRIKE THE CERTIFICATE OF
<u>MERIT SIGNED BY DAN FINTEL, M.D.</u>**

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and, respectfully request that Defendant's motion be denied and in opposition to the same state:

1. This is a medical negligence case alleging that numerous health care providers of Plaintiffs' decedent, Robert Evans, negligently failed to diagnose and treat coronary artery disease, resulting in the untimely death of Mr. Evans. Plaintiffs filed the original Complaint on March 14, 2002, alleging negligence against Defendant Padgett, M.D. and his employer. A certificate of qualified expert and report was signed by Dan Fintel, M.D. and timely filed. As can be noted by a review of Defendant's attached exhibit, Defendant Padgett is clearly identified in the certificate signed by Dr. Fintel.

2. The relief requested by Defendant in this instant motion is the same relief requested by all the other Defendants in this matter. However, Defendant Padgett has even less grounds for the filing of his motion than the other Defendants in this matter. Plaintiffs' evidence in response to all the pending defense motions is overwhelming and more than sufficient to

defeat Defendant's motion.

3. In the instant matter, Defendant relies upon the recent case of *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004). Plaintiffs refer the court to the attached Memorandum of Law, as well as the Memorandum of Law filed in opposition to the Motion for Reconsideration of Defendants Ronan and Cardiovascular Consultants and the Memorandum of Law filed in opposition to the Motion to Dismiss of Marc Okun, M.D., Doyle & Okun Cardiology Associates, P.A., Kamal Batcha, M.D. and Maryland Pulmonary Critical Care Group, P.A., which prove that the instant matter is **clearly and significantly** distinguishable from the case upon which Defendant Padgett's relies.

4. On August 26, 2004, Plaintiffs filed Leave to Amend the Certificate of Qualified Expert, attaching a Certificate of Qualified Expert which conforms to the "notice" requirements as defined in *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105 (Md. Ct. Spec. App. 2004). However, such leave is especially not necessary as to Defendant Padgett since he was the original defendant identified in this lawsuit and the Plaintiffs' certificate of qualified expert clearly identifies Defendant Padgett in the caption. Should the court grant Plaintiffs' Motion for Leave to Amend the Certificate of Qualified Expert, the pending motions of all Defendants would be moot.

5. Defendant Padgett's Motion to Dismiss and Memorandum of Law is blatantly and factually inaccurate in numerous instances. That Defendant Padgett would even attempt to file a motion to dismiss based upon the holding in *D'Angelo* is absurd in light of the factual, procedural and **actual** facts in this matter.

6. A review by the Court of Appeals had been requested for the *D'Angelo* case. Should this court grant Defendants' instant motion, it would incur a flood of unnecessary reviews to the appellate courts and delay justice to the parties.

WHEREFORE, for the reasons stated above and the attached Memorandum of Law, Plaintiffs respectfully request that Defendant's Motion to Dismiss or, in the Alternative to Strike the Certificate of Merit Signed by Dan Fintel, M.D. be DENIED.

Respectfully submitted,

____/s/_____
Diane M. Littlepage
Federal Bar No.:  10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie,  Maryland  21061
410-787-7009
*Attorney for Plaintiffs*