**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JUDITH A. EVANS, et al.                          *

      Plaintiffs                              *

v.                                               *          Civil Action No.: MJG-02-CV-788

NEIL PADGETT, M.D., et al.                       *

      Defendants                              *
*        *        *        *        *        *        *        *        *        *        *        *        *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE**
**THE CERTIFICATE OF MERIT SIGNED BY DAN FINTEL, M.D.**

      COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Diane M. Littlepage, P.A. and submit this Memorandum of Law to support of their opposition to Defendant's motion to dismiss or, in the alternative, to strike the certificate of merit signed by Dan Fintel, M.D. and state:

**FACTS**

      This is a complex medical negligence case alleging that the named Defendants negligently failed to diagnose and treat coronary artery disease in the Decedent, leading to his untimely death. The Complaint was originally filed on March 14, 2002, naming only Neil Padgett, M.D. and his employer as Defendants. A certificate of qualified expert (hereinafter certificate of merit), signed by Dan Fintel, M.D. was filed as required in the Health Claims Arbitration Office. Both the complaint and the certificate of merit were served on Defendant Padgett. After the completion of discovery, all Defendants have filed various motions to dismiss based upon the recent case of *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 LEXIS Md. App.

105 (Md. Ct. Spec. App. 2004) alleging that the certificate of merit filed by Plaintiffs is inadequate. However, as previously argued by Plaintiffs, the facts of the instant matter are distinguishable from the case cited by Defendant. That this Defendant, in particular, would even file a motion based upon the holding in *D'Angelo* is absurd, given that Defendant Padgett was the original defendant in this matter. One would have to question the motive of the Defendant in filing such a motion, in light of the facts of this case.

In their instant Motion, Defendant relies upon the recent case of *D'Angelo*. However, the factual circumstances in *D'Angelo* differ significantly from the instant matter. The basis of the holding in *D'Angelo* is based upon numerous factors in the case and is primarily concerned about the lack of notice to defendants in the face of a blanket certificate of qualified expert and the huge number of defendants named in that lawsuit.

The original complaint filed by Plaintiffs clearly identifies Defendant Padgett as a defendant in this matter. Despite Defendant's assertion that "Dr. Padgett's care and treatment of this patient was well within the appropriate standard of care"[1], this is a self-serving and erroneous statement. This Defendant's care is the subject of this lawsuit. Further, the certificate of merit signed by Dan Fintel, M.D. identifies Defendant Padgett in the caption of the certificate. This matter is easily distinguishable, and Defendant's reliance upon *D'Angelo* is misplaced. Further, Defendant's reliance upon *D'Angelo* may be premature since Plaintiffs have been assured that a petition for review by the Court of Appeals will be filed.

---

1   Defendant makes this assertion in the last sentence of page 2 of Defendant's Memorandum of Law.

## ARGUMENT

**I.**  **Plaintiffs' Complaint and Certificate of Merit are Specific as to This Defendant.**

One of the concerns for the Court in *D'Angelo v. St. Agnes Healthcare, Inc.*, was the number of defendants named in the lawsuit and the general allegations of negligence against the defendants. Additionally, the defendant named in the heading of the certificate of the certifying expert was **not** a named defendant. There was nothing in that complaint, nor the caption of that complaint which placed the defendants on notice as to whom the certificate of qualified expert applied.

Despite Defendant's allegations, Defendant was clearly on notice that Dr. Fintel's certificate of merit applied to him. Neil Padgett, M.D. was the sole physician named in the initial complaint. Further, the certificate of merit signed by Dan Fintel, M.D. and timely served upon Defendant Padgett clearly identifies Dr. Padgett in the caption.[2] Therefore, it was clear as to whom Plaintiffs' certificate of qualified expert applied.

Defendant argues that "there is no evidence that Dr. Fintel was aware of the identify of the parties being sued when the COM was executed".[3] To the contrary, Defendant Padgett was identified on the certificate of merit signed by Dr. Fintel. At the time of his deposition, Dr. Fintel had opinions about the care rendered by Defendant Padgett. Defendant can not produce any evidence that Dr. Fintel was not aware the Dr. Padgett was a party being sued when he signed the certificate of merit; during deposition, Defendant's counsel never questioned Dr. Fintel about the contents of the certificate of merit, when he developed opinions about Defendant

---

2   On page 7, in paragraph 1 of Defendant's Memorandum of Law, Defendant blatantly misstates the facts of the case by alleging that "as in *D'Angelo,* the defendants are not even enumerated in the certificate's caption". This is contrary to the exhibit attached in support of Defendant's motion which identifies Defendant Padgett in the caption.

3   See Defendant's Memorandum of Law, page 7, paragraph 1.

Padgett, or any of the other criteria utilized by counsel in *D'Angelo* to discredit the certifying expert.

Defendant Padgett is making erroneous assertions in an inadequate attempt to support his current motion. In making said motion, Defendant Padgett has the burden of showing that his allegations are true. Defendant Padgett cannot do so in this matter. The certificate of merit and complaint clearly identified Dr. Padgett as a defendant. The certificate of merit identified Dr. Padgett as a defendant when executed by Dr. Fintel. There is no evidence Dr. Fintel did not know the identities of all the named Defendants. Therefore, Defendant's motion must be denied.

For further argument on this issue, the Court is referred to Plaintiffs' Opposition to the Motion for Reconsideration of Defendant Ronan and Plaintiffs' Opposition to the Motion to Dismiss of Defendants Okun, Batcha, Doyle & Okun Cardiology Associates, P.A. and Maryland Pulmonary Critical Care Group, P.A.. All Defendants, including Defendant Padgett, were clearly on notice Plaintiffs' certificate of qualified expert was filed as to their care and treatment. For the reasons stated above, the *D'Angelo* case is not applicable to this case and Defendant's motion must be denied.

## II.    <u>Retroactive Application of D'Angelo Will Prejudice Plaintiffs.</u>

As noted in Plaintiffs' pending Motion for Leave to File Amended Certificate of Qualified Expert, signed by Dan Fintel, M.D., the granting of Defendants' motion to dismiss will irreparably prejudice Plaintiffs. *D'Angelo* is a recently decided case which should not be applied retroactively. The negligence in the instant matter occurred in 1999 and 2000, resulting in Decedent's death in June, 2000. The statue of limitations has long passed. Should this court grant Defendants' motion based upon the holding of *D'Angelo,* the Plaintiffs would be precluded

from filing a complaint; essentially, any dismissal would be **with prejudice**.  To grant

Defendant's motion, based upon a recent holding would preclude the Plaintiffs from their day in

court.  Therefore, Defendant's motion should be denied.

### III.    Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert Should be Granted.

On August 26, 2004, without waiving their arguments in their pending oppositions,

Plaintiffs filed for leave to file an amended certificate of qualified expert signed by Dan Fintel,

M.D., the original certifying expert for Plaintiffs.  This certificate conforms to all the

requirements delineated in the *D'Angelo* case.  Since all Defendant has had an opportunity to

depose Dr. Fintel regarding his opinions, as well as the basis of his certification, Defendant will

suffer no prejudice should the court grant Plaintiffs' motion and deny the pending motion of

Defendant.  Further, the granting of Plaintiffs' Motion for Leave to File Amended Certificate of

Qualified Expert will render moot the pending motions of Defendant.

### CONCLUSION

As shown above, and in Plaintiffs' previous filings in opposition to the motion for

reconsideration of Defendants Ronan and Cardiovascular Consultants and in opposition to the

Motion to Dismiss of Defendants Okun, Doyle & Okun Cardiology Associates, P.A., Batcha,

and Maryland Pulmonary Critical Care Group, P.A., the pending motion of Defendant Padgett

must be denied.  As previously noted by Plaintiffs, the holding in *D'Angelo v. St. Agnes

Healthcare,* is enticing to Defendants in medical negligence actions and, in this matter, has

resulted in a flood of motions. However, of all the motions filed by Defendants in this matter, the

motion filed by Defendant Padgett definitely is the most baseless.

In *D'Angelo,* the plaintiffs took a blanket approach in identifying defendants, only made

general allegations, failed to attach a report to the certificate of qualified expert, identified a

defendant on the certificate of qualified expert who was not named in the complaint, had experts who testified that they did not know who the defendants were when they executed the certificate of qualified expert and who did not hold opinions about some of the named defendants, and other problems.  Further, when given the opportunity to rectify their certificate, plaintiffs failed to do so.  The totality of the irresponsible actions of the plaintiffs was cited by the motions court, as well as the Court of Special Appeals.

In this matter, Plaintiffs have limited the number of defendants identified, added defendants as discovery progressed, highlighted the new defendants added in amended complaints, named a correct defendant on the certificate of qualified expert, attached an expert report, filed a Motion for Leave to File Amended Certificate of Qualified Expert, the certifying expert testified as to breaches in the standard of care of all the Defendants, and testified that he had these opinions long before his deposition was scheduled.  Plaintiffs have been responsible in their litigation of this case and have complied with all the requirements under the law, as well as those suggested in the *D'Angelo* opinion.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request Defendant's Motion to Dismiss or, in the Alternative to Strike the Certificate of Merit Signed by Dan Fintel, M.D. be DENIED.

Respectfully submitted,


____/s/_____
Diane M. Littlepage

Federal Bar No.:  10965
**DIANE M. LITTLEPAGE, P.A.**
1406B S. Crain Highway, Suite 207
Glen Burnie,  Maryland  21061
410-787-7009
*Attorney for Plaintiffs*