IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JUDITH A EVANS, Individually and as Personal Representative of the Estate of ROBERT A. EVANS, et al | * <br> * |
| Plaintiffs | * |
| v. | *   Civil Action No.: MJG-02-CV-788 |
| NEIL PADGETT, M.D., et al | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED CERTIFICATE OF QUALIFIED EXPERT**

All Defendants, by their attorneys, J. Michael Sloneker and Lynne B. Malone, Douglas K. Schrader and Shadonna E. Hale, in response to Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert, says the following:

1. In an effort to avoid a dismissal of this case, sought by the Defendants for Plaintiffs' failure to file a proper certificate of merit, Plaintiffs filed a motion for leave to file an amended certificate of merit. Because there is no applicable provision in the Health Care Malpractice Claims Act, or otherwise, which permits Plaintiffs to file either an amended certificate of merit or a new certificate of merit, Plaintiffs are without a remedy to cure their defective certificate. Accordingly, Plaintiffs' motion for permission to file an amended certificate of merit must be denied.

2. In support of their motion, Defendants adopt and incorporate herein their Memorandum in Support of their Response to Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert as well as their Motions to Dismiss or in the Alternative to Strike the Certificate of Merit signed by Dan Fintel, M.D.

          _____/s/_____
J. Michael Sloneker (Bar #03324)
Lynne B. Malone (Bar #26331)
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, Maryland 21201
410-752-1630


          _____/s/_____
Douglas K. Schrader (Bar #09269)
Wharton Levin Ehrmantraut Klein & Nash
104 West Street
P.O. Box 551
Annapolis, Maryland 21404-0551
410-263-5900


          _____/s/_____
Shadonna E. Hale (Bar #08108)
Wilson, Elser, Moskowitz, Edelman
 & Dicker, LLP
1341 G Street, N.W.
The Colorado Building, Suite 500
Washington, D.C. 20005
202-626-7669

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| **JUDITH A EVANS, Individually and as** <br> Personal Representative of the Estate of <br> **ROBERT A. EVANS, et al** <br><br>    **Plaintiffs** <br><br> v. <br><br> **NEIL PADGETT, M.D., et al** <br><br>    **Defendants** | \* <br><br> \* <br><br> \* <br><br> \*   Civil Action No.: MJG-02-CV-788 <br><br> \* <br><br> \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
CERTIFICATE OF QUALIFIED EXPERT**

**SUMMARY OF ARGUMENT.**

The state legislature created a system for the screening of medical malpractice claims, which requires that a claimant first bring their claim in the Health Claims Arbitration Office. Within ninety days of that original complaint, the claimant must then file a certificate of qualified expert, also known as a certificate of merit ("COM"). The *D'Angelo* decision, which was discussed by Defendants in their recently filed motions to strike, reinforced the notion that the COM requirement is meant to be an obstacle to frivolous claims. Unfortunately, the certificate requirement was not being adequately met in many cases, including the instant controversy. Therefore, Defendants filed motions arguing the deficiency of Dr. Fintel's COM and the resulting lack of jurisdiction.

On the heels of Defendants' motions to strike the certificate signed by Dan Fintel, M.D., Plaintiffs requested leave to amend their certificate; however, because Dr. Fintel's certificate is wholly deficient, the filing of that certificate is equivalent to *not* having filed a certificate, and the request to amend is misplaced because it is akin to filing an entirely new

certificate. It is beyond dispute that the statute governing this dispute, Md. Code, Cts. & Jud. Proc. § 3-2A-04, provides for additional time outside ninety days to file a new or amended certificate. However, certain preconditions must be met before a new certificate will be accepted outside ninety days. Most significantly, a claimant must request time extensions and he must do so before the time for filing a certificate has expired. In the present case, plaintiffs are attempting to circumvent the procedure enacted by the legislature to protect physicians against baseless claims and, because they have not complied with the procedure in a timely fashion, this matter is not properly before the Court.

**Background**

Plaintiffs filed their Statement of Claim in the Health Claims Arbitration Office on March, 14, 2002. A certificate of merit signed by Dr. Dan FIntel, which did not comply with the Health Care Malpractice Act ("the Act"), was filed the same day. A valid certificate of merit was due on or before June 14, 2002- 90 days after the filing of the Statement of Claim. No timely extensions of time were requested by Plaintiffs to file a certificate which complied with the Act. Now, two years and two months after the deadline for filing a valid certificate, Plaintiffs seek to amend their certificate in order to comply with requirements of the Act.

**Argument**

It is well recognized that although a circuit court or a federal court has subject matter jurisdiction to hear a medical malpractice case, the Act creates conditions precedent that a Plaintiff must satisfy prior to instituting an action in the circuit or federal court. *See Tranen v. Aziz*, 304 Md. 605 (l985); *see also Schwartz v. Lilly*, 53 Md. App. 318 (1982). One of the essential requirements of the Act is that, in order for the courts to obtain jurisdiction over a malpractice claim, a Plaintiff must first bring their case in the Health Claims Arbitration Office at which time they can file a certificate of merit, and waive into the court system. Maryland

Code, Cts. & Jud. Proc. § 3-2A-04. Filing a certificate of merit which complies with the process set forth by the legislature is mandatory and is regarded as an "indispensable step" to pursing a medical malpractice claim in Maryland. *McCready Mem. Hosp. v. Hauser*, 330 MD 497, 512 (1993). Submitting an invalid certificate is "tantamount to not having filed a certificate at all." *D'Angelo v. St. Agnes Healthcare, Inc., et al.*, 2004 Md. App. LEXIS 105, 21-2 (2004). Maryland courts have made it abundantly clear that the failure to file a valid and timely certificate of merit will result in a dismissal of the action. *see McCready Mem'l Hosp. v. Houser*, 330 Md. 497, 500-502 (1993) and *Oxtoby v. McGowan*, 294 Md. 83, 91 (1982) (discussing the need to file a certificate that conforms to the Code before the case may proceed to the circuit court).

In response to Defendants' motion to dismiss for failure to file a valid certificate, Plaintiffs filed a motion seeking to amend their COM in an attempt to cure the obvious infirmities of the original certificate. Because the certificate filed in this case is fatally defective, it is as if no certificate was filed at all. Rather, Plaintiff's request for relief must be considered as an effort to file a new certificate – an effort which cannot succeed because it is too late.

The Act compels a plaintiff who is pursuing a medical malpractice claim to file a valid COM within ninety days of the initial complaint.[1] However, in crafting the statutory scheme relating to the certificate of merit, the legislature provided some aid to Plaintiffs who fail to file a certificate within the initial 90 day period. Maryland Code, Cts. & Jud. Proc. § 3-2A-04(b). In *Navarro-Monzo v. Washington Adventist*, 380 Md. 195 (2004) the Court of Appeals of Maryland said:

> Recognizing the harshness of the penalty it has exacted for failing to file a certificate within the initial 90 day period, the General Assembly has provided three distinct, but

---

[1] What constitutes a valid COM was addressed in this defendants' motion to strike Dr. Fintel's certificate.

> complementary, escape valves. First, it has required that an extension of up to 90 days be granted if the conditions stated in Section 3-2A-04(b)(1)(ii) are met. Second, in Section 3-2A-04(b)(5), it has provided that an extension without any fixed statutory limit shall be granted by the Director or panel chairman for good cause shown. An finally, in Section 3-2A-05(j), it has allowed either of those persons to lengthen the time for filing the certificate, again without any fixed limitation.

*Id*. at 204-05. Notwithstanding, a Plaintiff may not avail himself of an "escape valve", unless he adheres to the statutory time limitations. In this case, none of the escape valves provided for in the Act is available to Plaintiffs, as their request for relief is untimely.

**Maryland Code, Cts. & Jud. Proc. § 3-2A-04(b)(1)(ii)**

Section 3-2A-04(b)(1)(ii) provides:

> In lieu of dismissing the claim, the panel chairman shall grant an extension of no more than 90 days for filing the certificate require by this paragraph, if:
> 1. The limitations period applicable to the claim has expired; and
> 2. The failure to file the certificate was neither willful nor the result of gross negligence.

Section 3-2A-04(b)(1)(ii), works in tandem with Section 3-2A-04(b)(1)(i), which requires a Plaintiff to file a valid certificate of merit within 90 days of filing his complaint. Essentially, when the statute of limitations has run, a plaintiff has 180 days from the time the action is filed in which to file a certificate of merit. McCready *Memorial Hospital v. Hauser*, 330 Md.497, 511 (1993). However, after 180 days, no further extensions are permitted under Section 3-2A-04(b)(1)(ii). *Navarro-Monzo*, 380 Md. at 202. Here, the additional ninety day extension delineated in § 3-2A-04(b)(1)(i) offers no comfort to Plaintiffs because more than 180 days has expired since their Statement of Claim was filed.

**Maryland Code, Cts. & Jud Proc. §§ 3-2A-04(b)(5) and 3-2A-05(j)**

Likewise, Plaintiffs cannot take refuge in any of the remaining extension provisions. Sections 3-2A-04(b)(5) and 3-2A-05(j) are extensions which may be granted by the Director or panel chairman for good cause . Section 3-2A-04(b)(5) states that "an extension of time allowed for filing a certificate of a qualified expert under this subsection shall be granted for good cause shown." Section 3-2A-05(j) provides:

> (j) Authority to lengthen or shorten time limitations. – Except for time limitations pertaining to the filing of a claim or response, the Director or the panel chairman, for good cause shown, may lengthen or shorten the time limitations prescribed in subsections (b) and (g) of this subsection and Section 3-2A-04 of this article.

While the length of an extension of time is not articulated and would presumably be based upon circumstances of the good cause shown, it is clear that a request for a "good cause" extension must be timely and, therefore, *a request for a good cause extension must be made* either within 90 days of the filing of the complaint under Section 3-2A-04(b)(1)(i)) or within 180 days under Section 3-2A-04(b)(1)(ii). In *Navarro*, the Court of Appeals, in commenting on its decision in *McCready*, said:

> In McCready, the plaintiffs never sought an extension based on good cause and offered no good cause for the default, and, as noted, no certificate was ever filed with the HCAO. Although we concluded that the plaintiffs were entitled to an automatic 90-day extension under Section 3-2A-04(b)(1)(ii), commencing on the 90th day following the date of the complaint, once that period expired without a request for further good cause extension, Section 3-2A-04(b)(1)(i) became applicable and the claim was required to be dismissed.

Id., 203. (Emphasis added). To allow a Plaintiff to file a request for an extension for good cause at any time would render the certificate requirement meaningless. No reasonable argument can be constructed which would permit a Plaintiff to file a certificate of merit well over two years after the statutory deadline. By requesting that they be permitted to file an amended certificate of merit to "cure" their previously deficient certificate, Plaintiffs are attempting to

render the D'Angelo court's opinion as to the necessity of a proper and timely certificate a nullity. D'Angelo and its predecessors clearly state that failure to file a proper certificate is tantamount to not filing a certificate at all. As this is the law, as clearly set forth by the Maryland appellate court in D'Angelo, Plaintiffs' attempt to "cure" this critical deficiency by filing a "proper" certificate now, in this Court rather than in Health Claims Arbitration, more than two years after the institution of this action in that office should not be countenanced by this court. Accordingly, Defendants respectfully ask that this Court deny Plaintiffs' Motion for Leave to File an Amended Certificate.

                                                    Respectfully submitted,

_____/s/_____
J. Michael Sloneker
Lynne B. Malone
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, Maryland 21201
410-752-1630


_____/s/_____
Douglas K. Schrader
Wharton Levin Ehrmantraut Klein & Nash
104 West Street
P.O. Box 551
Annapolis, Maryland 21404-0551
410-263-5900

_____/s/_____
Shadonna E. Hale
Wilson, Elser, Moskowitz, Edelman
 & Dicker, LLP
1341 G Street, N.W.
The Colorado Building, Suite 500
Washington, D.C. 20005
202-626-7669