UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH A. EVANS, *et al.* | * | |
|     Plaintiffs | * | |
| v. | * | Civil Action No: MJG-02-CV-788 |
| NEIL PADGETT, M.D., *et al.* | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED CERTIFICATE OF QUALIFIED EXPERT**

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys Diane M. Littlepage and Littlepage & Associates and in reply to Defendants' Response to Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert and state:

1. Without waving their claim that the case was significantly distinguishable from the instant matter and not applicable to this case, and in response to the recent holding in *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105, Plaintiffs filed an amended certificate of qualified expert in the office of Health Claims Arbitration on August 30, 2004 and filed a motion for leave to file the amended certificate of qualified expert in this court. This amended certificate of qualified expert fully comports with the deposition testimony of the certifying expert, Dan Fintel, M.D. and complies with the recent specifications outlined in *D'Angleo.*

2. Plaintiffs' motion is appropriately and timely filed. Plaintiffs seek to file an **amended** pleading, not a new pleading. Plaintiffs' motion must be granted pursuant to F.R.C.P. 15 which allows amendments which conform to the evidence. Further, the amendments relate back to the date of the original pleadings and are necessitated because of the recent events of

*D'Angelo* which occurred since the filing of a pleading which is to be amended. Md. Rule 2-341(c)(2).

3. A petition for *writ of certiori* in *D'Angelo* was filed on August 31, 2004. With this filing, approximately one hundred (100) certificates of qualified experts currently in the court system were attached as an exhibit. Each of these, according to the standard expressed in *D'Angelo,* is defective.

4. The holding in *D'Angelo* provides no mechanism for plaintiffs to comply with the newly stated specificity required in the certificate of qualified expert. Retroactive application of this holding, without a means for plaintiffs to comply with the new specific requirements, would be prejudicial to hundreds of plaintiffs, including the Evans family. The only mechanism by which plaintiffs can comply with this recent holding is through the various rules of court which allow for amendments; these same rules apply to Health Claims Arbitration and allow for amendments of pleadings.

5. Discovery is complete in this matter. Defendants are well aware of Plaintiffs' allegations against them. Defendants now seek to prejudice Plaintiffs, based upon a recent court case which has been appealed and which, if applied retroactively, will affect the entire judicial system.

6. Defendants argue that Plaintiffs did not comply with the Health Claims Arbitration Act. However, there is nothing in the Act which precludes the filing of amended pleadings. Such amendments are appropriate and should be encouraged to conform the pleadings to the evidence in a case.

7. Defendants will not be prejudiced by the granting of Plaintiffs' motion for leave to file amended certificate of qualified expert.

8.	In support to Plaintiffs' reply, Plaintiffs refer this court to the attached Memorandum, as well as Plaintiffs' prior pleadings in this matter.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that their Motion for Leave to File Amended Certificate of Qualified Expert be GRANTED.

Respectfully submitted,

_____/s/_____
Diane M. Littlepage
Fed. Bar No.: 10965
**LITTLEPAGE & ASSOCIATES**
1406B S. Crain Highway, Ste. 207
Glen Burnie, Maryland  21061
410-787-7009
*Attorney for Plaintiffs*