UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH A. EVANS, *et al.*           *

    Plaintiffs                           *

v.                                             *          Civil Action No:  MJG-02-CV-788

NEIL PADGETT, M.D., *et al.*          *

    Defendants                        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANUDM IN SUPPORT OF PLAINITFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
<u>CERTIFICATE OF QUALIFIED EXPERT</u>**

COME NOW the Plaintiffs, Judith Evans, *et al.,* by and through their attorneys, Diane M. Littlepage and Littlepage & Associates and, in support of their reply to Defendants' opposition to their Motion for Leave to File Amended Certificate of Qualified Expert state:

<u>**BACKGROUND**</u>

Since the opinion *D'Angelo v. St. Agnes Healthcare, Inc.,* 2004 Md. App. LEXIS 105, numerous motions have been filed by these Defendants who argue that the recent holding is applicable to the instant matter.  In their oppositions to these motions, Plaintiffs argue that the *D'Angelo* case is so significantly different from the instant matter as to not be applicable to this case.

On August 30, 2004, Plaintiffs filed an amended certificate of qualified expert in the Health Claims Arbitration Office.  On that same day, without waiving their opposition to the defense motions, Plaintiffs moved this court for leave to file an amended certificate of qualified expert, signed by the same expert as the original certificate, and which conforms to the deposition testimony of the expert.  Defendants now argue that Plaintiffs have failed to comply

with the Health Claims Arbitration Act (hereinafter Act) since a certificate, which would comply with the recent case of *D'Angelo,* was not filed within the statutory time limits. However, Plaintiffs did file a timely certificate and now have filed an amended certificate as permitted by the rules of court; such an amendment is not precluded by the Act.

Currently, a petition for *writ of certiori* has been filed in *D'Angelo*. The trial in this matter is scheduled to begin on January 24, 2005 with a settlement conference scheduled for November 2, 2004. It is doubtful that an opinion will be issued by the Court of Appeals prior to the trial in this case. Additionally, with the *writ,* approximately one hundred (100) certificates of qualified experts, in cases currently in the judicial system, were attached as an exhibit.[1]  Using the criteria newly expressed in *D'Angelo,* each of these certificates is deficient.   Plaintiffs argue that "whole cloth" application of this recent holding to cases which are currently in litigation will result in extreme prejudice to plaintiffs.

## ARGUMENT

I.  **Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert Must be Granted.**

Defendants argue that Plaintiffs cannot file an amended certificate of qualified expert because no there is no basis for this within the Health Claims Arbitration Act. However, there is certainly a basis for allowing the amended certificate in both the rules of this court, as well as the Maryland Rules of Civil Procedure, both of which apply to the Health Claims Arbitration Act. Further, the Act is silent as to the filing of amended certificates which indicates that such filings are permitted.

---

[1]  This information is based upon personal communication with the attorney representing the D'Angelo family in the case currently being appealed.

F.R.C.P. 15 permits amendments to pleadings to allow conformity to the evidence in a case. Md. Rules 2-341 and 2-342 also permit amendments to pleadings. Clearly, the amended certificate, which Plaintiffs move to file, conforms to the deposition testimony of the expert. Further, the amended certificate contains the specificity required in the recent *D'Angelo* holding. The amended certificate must be allowed since it pertains to "… events that have occurred since the filing of the pleading sought to be amended". Md. Rule 2-341(c)(2).

Defendants argue that Plaintiffs "attempt to "cure" this critical deficiency by filing a "proper" certificate now, in this Court rather than in Health Claims Arbitration… should not be countenanced by this court". (see Def. Mem. p. 6, last ¶) This is blatantly untrue; pursuant to Md. Rule 2-341 and2-342, Plaintiffs did file the amended certificate prior to moving for leave to file the amended certificate in this court. (see attached Ex. A). Therefore, Plaintiffs have not attempted to bypass the requirements of the Health Claims Arbitration Act as incorrectly alleged by Defendants.

In their response to Plaintiffs' motion for leave to file amended certificate of qualified expert, Defendants have failed to consider that such a filing is permitted, particularly in circumstances such as this. Defendants have also misrepresented the actions of Plaintiffs stating that Plaintiffs have circumvented the Health Claims Arbitration Office.

Plaintiffs' motion is permissible and, since the amendment relates back to the original pleadings and does not change the substantive nature of this case, Plaintiffs' motion must be granted.

II. **Retroactive Application of *D'Angelo* Will Prejudice Plaintiffs.**

*D'Angelo* is a recently decided case which should not be applied retroactively to cases already within the legal system. The negligence in this matter occurred in 2000; the statute of

limitations has long passed. If the outstanding motions of Defendants are granted, Plaintiffs will be barred from pursuing this action.

The recent holding of *D'Angelo* is very restrictive. It also does not indicate any mechanism for plaintiffs to rectify outstanding certificates of qualified experts which may not precisely conform to the specificity expressed in *D'Angelo*. Therefore, until further decisions in *D'Angelo,* plaintiffs must rely upon the rules of court for amendment of pleadings to ensure that they are not prejudiced by the dismissal of their claims. As noted above, such amendments are permitted by the rules, as well as the Act.

Plaintiffs are relying upon the rules of court for the amendment of their certificate of qualified expert. This is permissible and will prevent the extreme prejudice which would occur if Defendants' motions are granted.

## **CONCLUSION**

All of Defendants' recitation of the Health Claims Arbitration statute and case law discussing this matter does not negate Plaintiffs' ability to amend the pleadings. In fact, as can be seen by a careful reading of the Act, there is nothing to prevent Plaintiffs from amending the pleadings, including the certificate of qualified expert. Plaintiffs' Motion for Leave to File Amended Certificate of Qualified Expert must be granted. Plaintiffs amended the certificate in the Office of Health Claims Arbitration prior to moving this court for leave to amend.

Amendments are to be freely granted when such will serve the ends of justice. *Ebert v. Richey,* 54 Md. App. 388, 458 A.2d 891, (1983), *cert.* denied, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed. 356 (1984). The rules of court permit amendments like those requested by Plaintiffs. This is clearly a case in which denial of Plaintiffs' amended certificate of qualified expert will deny Plaintiffs justice.

Further, in the alternative, Plaintiffs can file an amended Statement of Claim in the Health Claims Arbitration Office with the amended certificate of qualified expert, waive arbitration, and file another amended complaint with this court.  Since there would be no new allegations against any of these Defendants and would only recite the specifics required by *D'Angelo,* the amendments would "relate back", thereby rendering the motions of Defendants moot.  However, to pursue this course of action would delay the parties their day in court for which they have waited for four years.

Defendants will not suffer any prejudice should the court grant Plaintiffs' Motion for Leave to Amend.  Further, the granting of Plaintiffs' motion will render the pending motions of Defendants moot.  Therefore, Plaintiffs' motion for leave to amend must be granted.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that their Motion for Leave to File Amended Certificate of Qualified Expert be GRANTED.

Respectfully submitted,

_____/s/_____
Diane M. Littlepage
Fed. Bar No.:  10965
**LITTLEPAGE & ASSOCIATES**
1406B S. Crain Highway, Ste. 207
Glen Burnie,  Maryland  21061
410-787-7009
*Attorney for Plaintiffs*